UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO.:  5:11-CR-229-F-8


UNITED STATES OF AMERICA         .
                                 .
        v.                       .
                                 .        November 18, 2011
DAVID LEWIS                      .        Wilmington, NC
                                 .

            DEFENDANT            .
. . . . . . . . . . . . . . . . .

                         TRIAL
            (CHARGE CONFERENCE AND JURY INSTRUCTIONS)
               BEFORE THE HONORABLE JAMES C. FOX
         SENIOR UNITED STATES DISTRICT JUDGE AND A JURY

APPEARANCES:


For the Government:    JENNIFER WELLS,
                       ASSISTANT UNITED STATES ATTORNEY
                       310 NEW BERN AVENUE
                       SUITE 800, FEDERAL BUILDING
                       RALEIGH, NORTH CAROLINA 27601-1461




For the Defendant:     MARK D. STEWART, ESQUIRE
                       BURCH LAW OFFICE
                       311 SOUTH EVANS STREET
                       GREENVILLE, NC 27858




Court Reporter:        STACY SCHWINN, CCR, CVR
                       P.O. BOX 1611
                       WILMINGTON, NC 28402
                       (910) 431-4502

Proceedings recorded by stenomask, transcript produced from
dictation.

1               P R O C E E D I N G S          10:03 A.M.

2          (DEFENDANT PRESENT.)

3          (IN THE PRESENCE OF THE JURY AND ALTERNATES.)

4          THE COURT:  MEMBERS OF THE JURY, I'M GOING TO HAVE A

5 CHARGE CONFERENCE WITH COUNSEL RIGHT NOW.  WE WON'T KEEP YOU

6 TOO LONG.  IF YOU'LL STEP TO THE JURY ROOM.

7          ONCE WE FINISH THE CHARGE CONFERENCE THE COURT WILL

8 CHARGE YOU AND THEN YOU'LL -- YOU'LL HEAR THE ARGUMENTS OF THE

9 LAWYERS AND THEN THE COURT WILL CHARGE YOU, THEN YOU'LL RETIRE

10 TO DELIBERATE ON YOUR VERDICT.

11          IF YOU'LL STEP TO THE JURY ROOM RIGHT NOW, PLEASE.

12          (OUT OF THE PRESENCE OF THE JURY AND ALTERNATES.)

13          THE COURT:  COUNSEL, YOU WANT TO RENEW YOUR RULE 29?

14          MR. STEWART:  YES, YOUR HONOR, AT THIS POINT, I'D

15 LIKE TO RENEW MY RULE 29 MOTION TO DISMISS OR ASK THE COURT TO

16 ENTER A JUDGEMENT OF ACQUITTAL.

17          I THINK TAKING THE EVIDENCE IN THE LIGHT MOST

18 FAVORABLE TO THE GOVERNMENT THERE IS INSUFFICIENT EVIDENCE TO

19 SUPPORT A FINDING OF GUILT FOR ALL OF THE CHARGES, BUT

20 SPECIFICALLY TO COUNT ONE IN THE INDICTMENT, YOUR HONOR, THE

21 GOVERNMENT HAS FAILED TO PROVE THAT THERE HAS BEEN ANY MIXTURE

22 OF A SUBSTANCE CONTAINING ANY DETECTABLE AMOUNT OF

23 METHAMPHETAMINE.  FURTHERMORE, YOUR HONOR, THEY HAVE FAILED TO

24 PROVE THERE HAS BEEN 500 GRAMS OF ANY AMOUNT OF ANYTHING,

25 SPECIFICALLY METHAMPHETAMINE, WHICH HAS BEEN THE ONLY

November 18, 2011

1 SUBSTANCE THAT THEY'VE INTRODUCED THAT WAS PRODUCED OR USED IN

2 THIS INDICTMENT, YOUR HONOR.

3       THE COURT IS AWARE THAT THERE IS NO LESSER INCLUDED

4 CRIME IN THIS OFFENSE, YOUR HONOR, AND TO ALLOW THE GOVERNMENT

5 TO CHANGE OR TO CONSTRUCTIVELY AMEND THE INDICTMENT WOULD BE

6 ILLEGAL AND IMPROPER.

7       THE COURT:  MS. WELLS.

8       MS. WELLS:  YOUR HONOR, THE EVIDENCE HAS NOT CHANGED

9 SINCE THE COURT RULED ON THE ORIGINAL RULE 29 MOTION.  THE

10 GOVERNMENT HAS PUT FORTH EVIDENCE ON EVERY SINGLE COUNT, ON

11 EVERY SINGLE ELEMENT OF EACH OF THE COUNTS THAT THE DEFENDANT

12 IS CHARGED WITH.

13       THE COURT:  YOUR MOTION IS OVERRULED.  NOW, COUNSEL,

14 LET'S GO THROUGH -- YOU HAVE THE CHARGE.  I'M GOING TO GO

15 THROUGH THEM STARTING ON PAGE TWO.  PAGE TWO IS STANDARD.  IF

16 YOU HAVE ANY COMMENTS ABOUT IT, BRING IT TO MY ATTENTION AS I

17 GO THROUGH THIS.

18       PAGE THREE IS STANDARD.  PAGE FOUR IS STANDARD.

19 PAGE FIVE IS STANDARD.

20       (PAUSE.)

21       THE COURT:  I'M TRYING TO RECALL WHETHER YOU HAD ANY

22 CHARTS OR SUMMARIES, MS. WELLS.

23       MS. WELLS:  YES, SIR, YOUR HONOR, WE DID.  SPECIAL

24 AGENT PAGE TESTIFIED ABOUT THE CHARTS THAT WERE PREPARED BASED

25 OFF THE PSEUDOEPHEDRINE LOGS.

November 18, 2011

1        THE COURT:  ALL RIGHT.

2        MS. WELLS:  AS WELL AS THE CHART THAT KIND OF

3 EXPLAINED THE MATH THAT SHE -- THE CALCULATIONS THAT SHE DID

4 AS TO --

5        THE COURT:  ALL RIGHT.  I'LL LEAVE IT IN.  PAGE

6 SEVEN IS STANDARD.  EIGHT IS STANDARD.  WHO ARE YOUR UNCHARGED

7 CO-CONSPIRATORS, MS. WELLS?

8        MS. WELLS:  YOUR HONOR, I SUPPOSE THAT THE -- ONE

9 COULD ARGUE THAT MR. POPPELL WAS AN UNCHARGED CO-CONSPIRATOR

10 AND TO THE EXTENT THAT HE PURCHASED PSEUDOEPHEDRINE FOR MR.

11 LEWIS AND BROUGHT IT TO HIM AS WELL AS THOSE LITHIUM

12 BATTERIES.  SO, I THINK THAT'S PROBABLY WHERE THAT CHARGE

13 WOULD COME IN.

14        (PAUSE.)

15        THE COURT:  DO YOU HAVE ANY OBJECTION TO IT, MR.

16 STEWART?

17        MR. STEWART:  NO, YOUR HONOR.

18        THE COURT:  ALL RIGHT.  PAGE TEN SEEMS TO BE

19 APPROPRIATE.  PAGE 11 IS APPROPRIATE.  PAGE 12 IS APPROPRIATE.

20 PAGE 13 IS APPROPRIATE.  PAGE 14 IS APPROPRIATE.  PAGE 15 IS

21 APPROPRIATE.  PAGE 16 IS APPROPRIATE.

22        (PAUSE.)

23        THE COURT:  I'M GOING TO TAKE OUT THE LAST -- TAKE

24 OUT AND ALL FACTS AND EVENTS WHICH MAY HAVE BEEN JUDICIALLY

25 NOTICED.  I DON'T THINK ANYTHING WAS JUDICIALLY NOTICED.

November 18, 2011

1          PAGE 18 IS APPROPRIATE AND 19 IS APPROPRIATE.  I
2  THINK 20 IS APPROPRIATE.  21 IS APPROPRIATE.  22 SEEMS TO BE
3  APPROPRIATE.  PAGE 23 I THINK IS APPROPRIATE.  24 IS
4  APPROPRIATE.

5          (PAUSE.)

6          THE COURT:  24 SEEMS TO BE APPROPRIATE.  25 IS
7  APPROPRIATE.  26 IS APPROPRIATE.  26 SEEMS TO BE APPROPRIATE.
8  27 IS APPROPRIATE.  28 IS APPROPRIATE.  29 SEEMS TO BE
9  APPROPRIATE.

10         ON THE VERDICT SHEET, I THINK WE'RE GOING TO USE, AS
11 I RECALL, C.

12         MR. STEWART:  YOUR HONOR, MAY I BE HEARD AS TO THE
13 VERDICT SHEET?

14         THE COURT:  SURE.

15         MR. STEWART:  YOUR HONOR, AT THIS POINT, FOR THE
16 RECORD, I WOULD OBJECT TO THE USE OF SHEET C AND ASK THE COURT
17 TO CONSIDER SHEET A OR B AND ASK THE JURY TO FIND A SPECIFIC
18 QUANTITY IN THIS CASE.

19         THE COURT:  WHAT DO YOU HAVE TO SAY ABOUT THAT, MS.
20 WELLS?

21         MS. WELLS:  ONE MOMENT, PLEASE.

22         (PAUSE.)

23         THE COURT:  HOW DO YOU FEEL ABOUT IT, MS. WELLS?

24         MS. WELLS:  YOUR HONOR, FIRST, AS TO VERDICT FORM A,
25 I DON'T BELIEVE THAT THE QUANTITY OF PSEUDOEPHEDRINE ON COUNT

November 18, 2011

1  TWO WOULD BE FOR THE JURY TO DECIDE.  I BELIEVE THAT'S A

2  SENTENCING ISSUE FOR THIS COURT TO DECIDE IF WE EVEN REACH

3  THAT STAGE AT MR. LEWIS' SENTENCING HEARING.  SO, I WOULD

4  OBJECT TO SPECIAL VERDICT SHEET A FOR THAT PARTICULAR REASON.

5          I MEAN, YOUR HONOR, I AM -- HE'S CHARGED WITH 500

6  GRAMS OR MORE OF A MIXTURE OR SUBSTANCE CONTAINING

7  METHAMPHETAMINE AND I THINK THAT SPECIAL VERDICT SHEET C IS

8  WHAT REFLECTS THAT.

9          THE COURT:  MR. STEWART.

10         MR. STEWART:  YOUR HONOR, SHE'S CORRECT THAT HE IS

11 CHARGED WITH 500 GRAMS OR MORE, WHICH IS A MATTER OF FACT,

12 WHICH IS SOLELY FOR A JURY TO DECIDE.

13         MS. WELLS:  THAT'S RIGHT, AND IF THEY RETURN A

14 VERDICT ON COUNT ONE THEN THEY WILL HAVE DECIDED WE PROVED HIM

15 GUILTY OF 500 GRAMS OR MORE.

16         THE COURT:  WELL, WHY WOULDN'T COUNT -- VERDICT

17 SHEET THREE -- C RATHER, BE APPROPRIATE, MS. WELLS?

18         MS. WELLS:  I'M SORRY, YOUR HONOR?

19         THE COURT:  YOU WANT VERDICT SHEET C?

20         MS. WELLS:  YES, SIR, YOUR HONOR.

21         THE COURT:  I AGREE WITH THAT.  WE'LL USE C.  I'M

22 GOING TO USE C SO ON PAGE 30 STRIKE THE REFERENCE TO VERDICT

23 SHEET B.

24         NOW, PAGE 31 IS APPROPRIATE.  32 IS APPROPRIATE.  33

25 IS APPROPRIATE.  34 IS APPROPRIATE.  35 IS APPROPRIATE.  35 IS

November 18, 2011

1 APPROPRIATE.  36 IS APPROPRIATE.  37 WE'LL TAKE OUT.  38 IS

2 APPROPRIATE.  39 IS APPROPRIATE.

3          MR. STEWART:  YOUR HONOR?

4          THE COURT:  YES, SIR.

5          MR. STEWART:  MAY MY CLIENT BE EXCUSED TO GO TO THE

6 MEN'S ROOM?  HE SAYS HE -- NOT NECESSARILY NEEDS TO BE PRESENT

7 FOR THIS.

8          THE COURT:  YOU CAN TAKE HIM OUT AND WE'LL WAIT FOR

9 HIM TO COME BACK.

10          MR. STEWART:  THANK YOU, YOUR HONOR.  I APOLOGIZE

11 FOR INTERRUPTING.

12          THE COURT:  THAT'S ALL RIGHT.

13          (DEFENDANT NOT PRESENT.)

14          (PAUSE.)

15          (DEFENDANT PRESENT.)

16          THE COURT:  ALL RIGHT.  PAGE 40, 41, 42, 43 AND 44

17 ALL SEEM TO BE APPROPRIATE TO ME, COUNSEL.  DO YOU HAVE ANY

18 OBJECTIONS?

19          MS. WELLS:  THE GOVERNMENT DOESN'T.

20          THE COURT:  I'M SORRY?

21          MS. WELLS:  THE GOVERNMENT DOES NOT.

22          THE COURT:  MR. STEWART?

23          MR. STEWART:  NO, YOUR HONOR.

24          THE COURT:  ALL RIGHT.  NOW, HOW LONG DO YOU WANT TO

25 ARGUE THE CASE, MR. STEWART?

November 18, 2011

1          MR. STEWART:  I WOULD SAY 15 MINUTES WOULD BE

2  SUFFICIENT, MAYBE 20, YOUR HONOR.

3          THE COURT:  HOW LONG DO YOU WANT, MS. WELLS, OPEN

4  AND CLOSE?

5          MS. WELLS:  YES, YOUR HONOR.  I WOULD ASK FOR 45

6  MINUTES OUT OF AN ABUNDANCE OF CAUTION.

7          THE COURT:  ALL RIGHT.  I'LL GIVE EACH SIDE 45

8  MINUTES.

9          MS. WELLS:  YOUR HONOR, MAY WE TAKE -- OBVIOUSLY, I

10 COULDN'T LEAVE WHILE WE WERE DOING THE CHARGE CONFERENCE, BUT

11 I MIGHT LIKE TO -- IF WE CAN TAKE A BREAK AT SOME POINT BEFORE

12 WE START THIS PROCESS THAT WOULD BE AWESOME.

13         THE COURT:  ALL RIGHT.  WELL, I WANT TO GET THEM IN

14 HERE SO I CAN GET THIS GOING.

15         MS. WELLS:  YES, SIR, YOUR HONOR.

16         THE COURT:  WE'LL TAKE A RECESS UNTIL 10:25.

17         (RECESS FROM 10:21 A.M., UNTIL 10:26 A.M.)

18         (DEFENDANT PRESENT.)

19         (OUT OF THE PRESENCE OF THE JURY AND ALTERNATES.)

20         THE COURT:  ALL RIGHT.  YOU'VE GOT 45 MINUTES, MS.

21 WELLS, OPEN AND CLOSE.

22         MS. WELLS:  I WAS JUST THINKING ABOUT THAT.

23         THE COURT:  WELL, WHAT DO YOU WANT?

24         MS. WELLS:  I THINK I CAN DO IT IN THAT.

25         THE COURT:  OKAY.

November 18, 2011

1          MS. WELLS:  I THINK I CAN DO IT, YOUR HONOR.

2          THE COURT:  ARE WE READY TO GO?

3          MS. WELLS:  COULD WE HAVE JUST ONE MOMENT SO JACKIE

4 CAN GET BACK DOWN HERE?  SHE HAD TO RUN UP TO THE OFFICE AND

5 PRINT SOMETHING OUT FOR ME REAL QUICK.

6          THE COURT:  SURE.

7          MR. STEWART:  WHILE SHE'S WAITING, YOUR HONOR, MAY I

8 BE A LITTLE MORE SPECIFIC AS TO MY REQUEST FOR THE VERDICT

9 SHEET?  I JUST WANT TO BE SPECIFIC FOR THE RECORD, YOUR HONOR,

10 AS TO WHAT I WAS ASKING --

11          THE COURT:  ALL RIGHT.

12          MR. STEWART:  -- IF I WAS A LITTLE VAGUE EARLIER.

13          THE COURT:  GO AHEAD.

14          MR. STEWART:  THANK YOU, YOUR HONOR.  VERDICT SHEET

15 A WOULD REQUIRE THE JURY TO FIND THE DEFENDANT GUILTY OR NOT

16 GUILTY AS TO COUNT ONE AND THEN ANSWER QUESTION 1A AND FIND

17 THE CONSPIRACY CHARGED IN COUNT ONE INVOLVED WHAT QUANTITY, A

18 MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

19 METHAMPHETAMINE, IT WOULD REQUIRE THEY ANSWER ONE OF THREE

20 QUESTIONS, WHETHER IT BE 500 GRAMS OR MORE OF A QUANTITY OF A

21 MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

22 METHAMPHETAMINE, OR AT LEAST 50 GRAMS BUT LESS THAN 500 GRAMS

23 OF A QUANTITY OF A MIXTURE OR SUBSTANCE CONTAINING A

24 DETECTABLE AMOUNT OF METHAMPHETAMINE, OR LESS THAN 50 GRAMS OF

25 A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE

1 METHAMPHETAMINE.

2          SPECIAL VERDICT SHEET TWO WOULD REQUIRE THE SAME

3 QUESTION.  VERDICT SHEET C REQUIRES JUST A FINDING OF GUILTY

4 OR NOT GUILTY.

5          THE COURT:  IT TRACKS THE INDICTMENT.

6          MR. STEWART:  I'M SORRY, YOUR HONOR?

7          THE COURT:  IT TRACKS THE INDICTMENT.

8          MR. STEWART:  YES, YOUR HONOR.

9          THE COURT:  THAT'S WHAT I'M GOING TO USE.  ALL

10 RIGHT, ARE YOU READY, MS. WELLS?

11          MS. WELLS:  I'M WAITING ON -- IF I CAN HAVE MS.

12 NOBLING, SHE JUST NEEDS TO HAND ME ONE SHEET OF PAPER AND SHE

13 RAN UPSTAIRS TO PRINT IT AND I KNOW SHE'LL BE RIGHT BACK.

14          THE COURT:  OKAY.

15          (PAUSE.)

16          THE COURT:  WE'LL BRING THE JURY IN, MS. WELLS.

17          MS. WELLS:  THANK YOU, YOUR HONOR.

18          (IN THE PRESENCE OF THE JURY AND ALTERNATES.)

19          (CLOSING ARGUMENTS NOT TRANSCRIBED.)

20          THE COURT:  MEMBERS OF THE JURY, WE'RE GOING TO TAKE

21 OUR LUNCHEON RECESS.  WE'LL START BACK AT 1:45.  IF YOU'LL

22 REPORT BACK TO THE -- I'M SORRY, 12:45.  IF YOU'LL REPORT BACK

23 TO THE COURTROOM (SIC) JUST A MINUTE OR TWO BEFORE THAT TIME

24 WE'LL GET A PROMPT START.

25          REMEMBER DURING THE LUNCHEON RECESS DON'T LET

November 18, 2011

1 ANYBODY TALK TO YOU ABOUT IT.  IF ANYBODY TRIED TO BRING IT TO

2 MY ATTENTION.  ALSO, DON'T LOOK AT ANY NEWS ACCOUNTS ABOUT THE

3 CASE.

4          HAVE A GOOD LUNCHEON RECESS.  WE'LL SEE YOU AT

5 12:45.

6          (OUT OF THE PRESENCE OF THE JURY AND ALTERNATES.)

7          THE COURT:  MS. WELLS.

8          MS. WELLS:  YES, SIR, YOUR HONOR.

9          THE COURT:  WE SEND THE INDICTMENT BACK WITH THE

10 JURY.  DO YOU WANT TO HAVE REDACTED ALL THE COUNTS THAT DON'T

11 PERTAIN TO THE DEFENDANT?

12          MS. WELLS:  I THINK THAT'S APPROPRIATE, YOUR HONOR.

13          THE COURT:  YEAH, I THINK SO.  DO YOU THINK SO?

14          MR. STEWART:  ABSOLUTELY, YOUR HONOR.

15          THE COURT:  YEAH.  IF YOU'LL REDACT THEM, SUE.  ALL

16 RIGHT, ANYTHING ELSE WE NEED TO TAKE UP AT THIS TIME, COUNSEL?

17          MS. WELLS:  NOT FROM THE GOVERNMENT.

18          MR. STEWART:  NOT FROM THE DEFENSE.

19          THE COURT:  OKAY.  WE'LL TAKE A RECESS TILL 12:45.

20          (LUNCHEON RECESS FROM 11:36 A.M., UNTIL 12:46 P.M.)

21          (DEFENDANT PRESENT.)

22          THE COURT:  GOOD AFTERNOON, EVERYONE.  PLEASE BE

23 SEATED AND WE'LL START RIGHT UP.

24          (IN THE PRESENCE OF THE JURY AND ALTERNATES.)

25          THE COURT:  MEMBERS OF THE JURY, YOU HAVE NOW HEARD

*November 18, 2011*

1 ALL OF THE EVIDENCE IN THE CASE AS WELL AS THE FINAL ARGUMENTS

2 OF THE LAWYERS FOR THE PARTIES.

3       IT BECOMES MY DUTY, THEREFORE, TO INSTRUCT YOU ON

4 THE RULES OF LAW THAT YOU MUST FOLLOW AND APPLY IN ARRIVING AT

5 YOUR DECISION IN THE CASE.

6       IN ANY JURY TRIAL THERE ARE, IN EFFECT, TWO JUDGES.

7 I AM ONE OF THE JUDGES AND YOU, THE JURY, ARE THE OTHER.

8       IT IS MY DUTY TO PRESIDE OVER THE TRIAL AND TO

9 DETERMINE WHAT TESTIMONY AND EVIDENCE IS RELEVANT UNDER THE

10 LAW FOR YOUR CONSIDERATION.  IT IS ALSO MY DUTY AT THE END OF

11 THE TRIAL TO INSTRUCT YOU ON THE LAW APPLICABLE TO THE CASE.

12       AS JURORS, YOU ARE JUDGES OF THE FACTS.  IN

13 DETERMINING WHAT ACTUALLY HAPPENED IN THIS CASE, THAT IS, IN

14 REACHING YOUR DECISION AS TO THE FACTS, IT IS YOUR SWORN DUTY

15 TO FOLLOW THE LAW I AM NOW IN THE PROCESS OF DEFINING FOR YOU.

16       YOU MUST FOLLOW ALL OF MY INSTRUCTIONS AS A WHOLE.

17 YOU MAY NOT DISREGARD OR GIVE SPECIAL ATTENTION TO ANY ONE

18 INSTRUCTION, OR QUESTION THE WISDOM OR CORRECTNESS OF ANY RULE

19 I MAY STATE TO YOU.

20       THAT IS, YOU MUST NOT SUBSTITUTE YOUR OWN NOTION OR

21 OPINION AS TO WHAT THE LAW IS OR OUGHT TO BE.  IT IS YOUR DUTY

22 TO APPLY THE LAW AS I GIVE IT TO YOU, REGARDLESS OF THE

23 CONSEQUENCES.

24       BY THE SAME TOKEN, IT IS ALSO YOUR DUTY TO BASE YOUR

25 VERDICT SOLELY UPON THE TESTIMONY AND EVIDENCE IN THE CASE,

November 18, 2011

1  WITHOUT PREJUDICE OR SYMPATHY.  THAT WAS THE PROMISE YOU MADE

2  AND THE OATH YOU TOOK BEFORE BEING ACCEPTED BY THE PARTIES AS

3  JURORS IN THIS CASE, AND THEY HAVE THE RIGHT TO EXPECT NOTHING

4  LESS.

5          NOW, MEMBERS OF THE JURY, AN INDICTMENT OR A FORMAL

6  CHARGE AGAINST A DEFENDANT IS NOT EVIDENCE OF GUILT.  INDEED,

7  THE DEFENDANT IS PRESUMED BY THE LAW TO BE INNOCENT.

8          THE LAW DOES NOT REQUIRE ANY DEFENDANT TO PROVE HIS

9  INNOCENCE OR TO PRODUCE ANY EVIDENCE AT ALL.  THE GOVERNMENT

10 HAS THE BURDEN OF PROVING A DEFENDANT'S GUILT BEYOND A

11 REASONABLE DOUBT, AND IF IT FAILS TO DO SO YOU MUST FIND THE

12 DEFENDANT NOT GUILTY.

13         WHILE THE GOVERNMENT'S BURDEN OF PROOF IS A STRICT

14 OR HEAVY BURDEN, IT IS NOT NECESSARY THAT THE DEFENDANT'S

15 GUILT BE PROVED BEYOND ALL POSSIBLE DOUBT.  HOWEVER, YOU MUST

16 NOT CONDUCT THE DEFENDANT ON MERE SUSPICION OR CONJECTURE.

17         I REMIND YOU THAT THE BURDEN OF PROOF NEVER SHIFTS

18 TO THE DEFENDANT; FOR THE LAW NEVER IMPOSES UPON A DEFENDANT

19 IN A CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES

20 OR PRODUCING ANY EVIDENCE ON HIS OWN BEHALF.

21         IN SUMMARY, UNLESS THE GOVERNMENT PROVES BEYOND A

22 REASONABLE DOUBT THAT A DEFENDANT HAS COMMITTED EVERY ELEMENT

23 OF AN OFFENSE WITH WHICH HE HAS BEEN CHARGED, YOU MUST FIND

24 THE DEFENDANT NOT GUILTY OF THAT OFFENSE.

25         AS STATED EARLIER, IT IS YOUR DUTY TO DETERMINE THE

November 18, 2011

1  FACTS, AND IN SO DOING, YOU MUST CONSIDER ONLY THE EVIDENCE

2  WHICH HAS BEEN ADMITTED IN THE CASE.

3       THE TERM EVIDENCE INCLUDES THE SWORN TESTIMONY OF

4  THE WITNESSES AND THE EXHIBITS ADMITTED IN THE RECORD.

5       REMEMBER THAT ANY STATEMENTS OR ARGUMENTS MADE BY

6  THE LAWYERS ARE NOT EVIDENCE; THEY ARE FOR THE PURPOSE OF

7  POINTING OUT THOSE THINGS THAT ARE MOST SIGNIFICANT OR HELPFUL

8  TO THEIR SIDE OF THE CASE, AND OF CALLING YOUR ATTENTION TO

9  CERTAIN FACTS OR INFERENCES THAT MIGHT OTHERWISE ESCAPE YOUR

10 NOTICE.

11      IN THE FINAL ANALYSIS, HOWEVER, IT IS YOUR OWN

12 RECOLLECTION AND INTERPRETATION OF THE EVIDENCE THAT CONTROLS

13 IN THE CASE.  WHAT THE LAWYERS SAY IS NOT BINDING ON YOU.

14      ALSO, DURING THE COURSE OF THE TRIAL, I OCCASIONALLY

15 MAY HAVE MADE COMMENTS TO THE LAWYERS, OR ASKED QUESTIONS OF A

16 WITNESS, OR ADMONISHED A WITNESS CONCERNING THE MANNER IN

17 WHICH HE SHOULD RESPOND TO THE QUESTIONS OF COUNSEL.  DO NOT

18 ASSUME FROM ANYTHING I MAY HAVE SAID THAT I HAVE ANY OPINION

19 CONCERNING ANY OF THE ISSUES IN THIS CASE.  EXCEPT FOR MY

20 INSTRUCTIONS TO YOU ON THE LAW, YOU SHOULD DISREGARD ANYTHING

21 I MAY HAVE SAID DURING THE TRIAL IN ARRIVING AT YOUR OWN

22 FINDINGS AS TO THE FACTS.

23      YOU ARE TO PERFORM YOUR DUTY OF FINDING THE FACTS

24 WITHOUT BIAS OR PREJUDICE AS TO ANY PARTY, AND WITH AN

25 ATTITUDE OF COMPLETE FAIRNESS AND IMPARTIALITY.

November 18, 2011

1    THIS CASE IS IMPORTANT TO THE GOVERNMENT, FOR THE

2  ENFORCEMENT OF CRIMINAL LAWS IS A MATTER OF PRIME CONCERN TO

3  THE COMMUNITY.  EQUALLY, IT IS IMPORTANT TO DAVID LEWIS, WHO

4  IS CHARGED WITH SERIOUS CRIMES.

5    THE FACT THAT THE CASE IS BROUGHT IN THE NAME OF THE

6  UNITED STATES OF AMERICA ENTITLES THE GOVERNMENT NO GREATER

7  CONSIDERATION THAN THAT ACCORDED TO ANY OTHER PARTY TO A

8  LITIGATION.  BY THE SAME TOKEN, IT IS ENTITLED TO NO LESS

9  CONSIDERATION.  ALL PARTIES, WHETHER THE GOVERNMENT OR

10 INDIVIDUALS, STAND AS EQUALS BEFORE THE BAR OF JUSTICE.

11   THE QUESTION BEFORE YOU CAN NEVER BE WILL THE

12 GOVERNMENT WIN OR LOSE THE CASE.  THE GOVERNMENT ALWAYS WINS

13 WHEN JUSTICE IS DONE, REGARDLESS OF WHETHER THE VERDICT IS

14 GUILTY OR NOT GUILTY.

15   NOW, MEMBERS OF THE JURY, WHILE YOU SHOULD CONSIDER

16 ONLY THE EVIDENCE IN THE CASE, YOU ARE PERMITTED TO DRAW SUCH

17 REASONABLE INFERENCES FROM THE TESTIMONY AND EXHIBITS AS YOU

18 FEEL ARE JUSTIFIED IN THE LIGHT OF COMMON EXPERIENCE.

19   IN OTHER WORDS, YOU MAY MAKE DECISIONS -- YOU MAY

20 MAKE DEDUCTIONS AND REACH CONCLUSIONS WHICH REASON AND COMMON

21 SENSE LEAD YOU TO DRAW FROM THE FACTS WHICH HAVE BEEN

22 ESTABLISHED BY THE TESTIMONY AND EVIDENCE IN THE CASE.

23   YOU ALSO MAY CONSIDER EITHER DIRECT OR

24 CIRCUMSTANTIAL EVIDENCE.  DIRECT EVIDENCE IS THE TESTIMONY OF

25 ONE WHO ASSERTS ACTUAL KNOWLEDGE OF A FACT, SUCH AS AN EYE

November 18, 2011

1  WITNESS.

2       CIRCUMSTANTIAL EVIDENCE IS PROOF OF A CHAIN OF FACTS

3  AND CIRCUMSTANCES INDICATING EITHER THE GUILT OR INNOCENCE OF

4  A DEFENDANT.

5       THE LAW MAKES NO DISTINCTION BETWEEN THE WEIGHT TO

6  BE GIVEN TO EITHER DIRECT OR CIRCUMSTANTIAL EVIDENCE.  IT

7  REQUIRES ONLY THAT YOU WEIGH ALL OF THE EVIDENCE AND BE

8  CONVINCED OF THE DEFENDANT'S GUILT BEYOND A REASONABLE DOUBT

9  BEFORE HE CAN BE CONVICTED.

10      CHARTS OR SUMMARIES HAVE BEEN PREPARED BY THE

11  GOVERNMENT AND SHOWN TO YOU DURING THE TRIAL FOR THE PURPOSE

12  OF EXPLAINING FACTS THAT ALLEGEDLY ARE CONTAINED IN RECORDS

13  AND OTHER DOCUMENTS WHICH ARE IN EVIDENCE.

14      SUCH CHARTS OR SUMMARIES ARE NOT EVIDENCE IN THIS

15  CASE OR PROOF OF ANY FACT.  IF YOU FIND THAT THESE CHARTS OR

16  SUMMARIES DO NOT CORRECTLY REFLECT FACTS OR FIGURES SHOWN BY

17  THE EVIDENCE IN THE CASE, YOU SHOULD DISREGARD THE CHARTS AND

18  SUMMARIES.

19      IN OTHER WORDS, SUCH CHARTS OR SUMMARIES ARE USED

20  ONLY AS A MATTER OF CONVENIENCE FOR YOU.  AND TO THE EXTENT --

21  IF, AND TO THE EXTENT, YOU FIND THEY DO NOT CORRECTLY REFLECT

22  THE FACTS OR FIGURES SHOWN BY THE EVIDENCE IN THE CASE, YOU

23  MAY DISREGARD THEM ENTIRELY.

24      NOW, I HAVE SAID THAT YOU MUST CONSIDER ALL OF THE

25  EVIDENCE.  THIS DOES NOT MEAN, HOWEVER, THAT YOU MUST ACCEPT

November 18, 2011

1 ALL OF THE EVIDENCE AS TRUE OR ACCURATE.  YOU ARE THE SOLE

2 JUDGES OF THE CREDIBILITY OR BELIEVABILITY OF EACH WITNESS AND

3 THE WEIGHT TO BE GIVEN TO HIS OR HER TESTIMONY.

4          IN WEIGHING THE TESTIMONY OF A WITNESS YOU SHOULD

5 CONSIDER THE WITNESS'S RELATIONSHIP TO THE GOVERNMENT OR THE

6 DEFENDANT, THE WITNESS'S INTEREST, IF ANY, IN THE OUTCOME OF

7 THE CASE; THE WITNESS'S MANNER OF TESTIFYING; THE MOTIVE, IF

8 ANY, OF A WITNESS'S MOTIVE TO TESTIFY FALSELY; THE WITNESS'S

9 OPPORTUNITY TO OBSERVE OR ACQUIRE KNOWLEDGE CONCERNING THE

10 FACTS ABOUT WHICH HE OR SHE TESTIFIED; THE WITNESS'S CANDOR,

11 FAIRNESS AND INTELLIGENCE; AND THE EXTENT TO WHICH THE WITNESS

12 HAS BEEN SUPPORTED OR CONTRADICTED BY OTHER CREDIBLE EVIDENCE.

13          YOU MAY, IN SHORT, ACCEPT THE TESTIMONY OF ANY

14 WITNESS IN WHOLE OR IN PART.

15          INCONSISTENCIES OR DISCREPANCIES IN THE TESTIMONY OF

16 A WITNESS OR BETWEEN THE TESTIMONY OF DIFFERENT WITNESSES MAY

17 OR MAY NOT CAUSE YOU TO DISBELIEVE OR DISCREDIT SUCH

18 TESTIMONY.

19          TWO OR MORE PERSONS WITNESSING AN INCIDENT OR A

20 TRANSACTION MAY SIMPLY SEE OR HEAR IT DIFFERENTLY.  INNOCENT

21 MIS-RECOLLECTION, LIKE FAILURE OF RECOLLECTION, IS NOT AN

22 UNCOMMON EXPERIENCE.

23          IN WEIGHING THE EFFECT OF A DISCREPANCY, HOWEVER,

24 ALWAYS CONSIDER WHETHER IT PERTAINS TO A MATTER OF IMPORTANCE

25 OR AN INSIGNIFICANT DETAIL AND CONSIDER WHETHER THE

November 18, 2011

1 DISCREPANCY RESULTS FROM INNOCENT ERROR OR FROM INTENTIONAL

2 FALSEHOOD.

3          AFTER MAKING YOUR OWN JUDGEMENT OR ASSESSMENT

4 CONCERNING THE BELIEVABILITY OF A WITNESS, YOU THEN CAN ATTACH

5 SUCH IMPORTANCE OR WEIGHT TO THAT TESTIMONY, IF ANY, THAT YOU

6 THINK -- YOU FEEL IT DESERVES.

7          ALSO, THE WEIGHT OF THE EVIDENCE IS NOT NECESSARILY

8 DETERMINED BY THE NUMBER OF WITNESSES TESTIFYING AS TO THE

9 EXISTENCE OR NON-EXISTENCE OF ANY FACT.

10          YOU MAY FIND THAT THE TESTIMONY OF A SMALLER NUMBER

11 OF WITNESSES AS TO ANY FACT IS MORE CREDIBLE THAN THE

12 TESTIMONY OF A LARGER NUMBER OF WITNESSES TO THE CONTRARY.

13          FURTHERMORE, THE LAW DOES NOT REQUIRE THE GOVERNMENT

14 TO CALL AS WITNESSES ALL PERSONS WHO MAY HAVE BEEN PRESENT AT

15 ANY TIME OR PLACE INVOLVED IN THE CASE OR WHO MAY APPEAR TO

16 HAVE SOME KNOWLEDGE OF MATTERS IN ISSUE AT THIS TRIAL, NOR

17 DOES THE LAW REQUIRE THE GOVERNMENT TO PRODUCE AS EXHIBITS ALL

18 PAPERS AND THINGS MENTIONED IN THE EVIDENCE.

19          HOWEVER, IN JUDGING THE CREDIBILITY OF WITNESSES WHO

20 HAVE TESTIFIED AND IN CONSIDERING THE WEIGHT AND EFFECT OF ALL

21 EVIDENCE THAT HAS BEEN PRODUCED YOU MAY CONSIDER THAT THE

22 GOVERNMENT'S FAILURE TO CALL WITNESSES OR TO PRODUCE OTHER

23 EVIDENCE SHOWN BY THE EVIDENCE IN THE CASE TO BE IN EXISTENCE

24 AND AVAILABLE AS A SUGGESTION THAT SUCH EVIDENCE WOULD HAVE

25 BEEN UNFAVORABLE TO THE GOVERNMENT.

November 18, 2011

1       ALTHOUGH THE LAW NEVER IMPOSES UPON A DEFENDANT IN A

2  CRIMINAL CASE THE BURDEN OR DUTY OF CALLING ANY WITNESSES OR

3  PRODUCING ANY EVIDENCE, HERE, DAVID LEWIS, EXERCISED HIS RIGHT

4  TO TESTIFY IN THIS TRIAL.  HIS TESTIMONY SHOULD BE JUDGED IN

5  THE SAME MANNER AS THE TESTIMONY OF ANY OTHER WITNESS.

6       IN THIS CASE, THE GOVERNMENT CALLED AS WITNESSES

7  SOME PERSONS WITH WHOM THE GOVERNMENT HAS ENTERED INTO PLEA

8  AGREEMENTS, INCLUDING ALLEGED ACCOMPLICES OF THE DEFENDANTS --

9  OF THE DEFENDANT.

10       IN THESE PLEA AGREEMENTS, THE GOVERNMENT HAS

11 INDICATED IT MAY RECOMMEND THE DISMISSAL OF SOME CHARGES AND

12 THE IMPOSITION OF A LESSER SENTENCE THAN THE ALLEGED

13 ACCOMPLICES OTHERWISE WOULD BE EXPOSED TO, IN EXCHANGE FOR

14 THEIR COMPLETE AND TRUTHFUL TESTIMONY.

15       SUCH PLEA BARGAINING, AS IT IS CALLED, HAS BEEN

16 APPROVED AS LAWFUL AND PROPER, AND IS EXPRESSLY PROVIDED FOR

17 IN THE RULES OF THIS COURT.

18       ALSO, YOU ARE INSTRUCTED THAT THE EFFECT -- ALSO,

19 YOU ARE INSTRUCTED THAT THE FACT THAT AN ALLEGED ACCOMPLICE

20 HAS ENTERED A PLEA OF GUILTY TO AN OFFENSE IS NOT EVIDENCE, IN

21 AND OF ITSELF, OF THE GUILT OF ANY OTHER PERSON.

22       YOU ALSO MAY HAVE HEARD THE TESTIMONY OF INDIVIDUALS

23 WHOM THE GOVERNMENT CONTENDS ARE CO-CONSPIRATORS BUT WHO WERE

24 NOT CHARGED AS DEFENDANTS.  YOU SHOULD EXERCISE CAUTION IN

25 EVALUATING THEIR TESTIMONY AND SCRUTINIZE IT WITH GREAT CARE.

November 18, 2011

1      YOU SHOULD CONSIDER WHETHER SUCH A WITNESS HAS AN

2 INTEREST IN THE CASE AND WHETHER HE OR SHE HAS A MOTIVE TO

3 TESTIFY FALSELY.

4      IN OTHER WORDS, AS WITH ANY OTHER WITNESS, YOU ASK

5 YOURSELVES WHETHER AN UNCHARGED ALLEGED CO-CONSPIRATOR HAS A

6 STAKE IN THE OUTCOME OF THIS TRIAL.

7      AS I HAVE INDICATED, YOU MAY ACCEPT THESE WITNESSES'

8 TESTIMONY IF YOU BELIEVE IT TO BE TRUE, AND IT IS UP TO YOU,

9 THE JURY, TO DECIDE WHAT WEIGHT, IF ANY, TO GIVE TO SUCH

10 TESTIMONY.

11      FURTHERMORE, THE TESTIMONY OF ONE WHO IS SHOWN TO

12 HAVE USED ADDICTIVE DRUGS DURING THE PERIOD OF TIME ABOUT

13 WHICH HE OR SHE TESTIFIED MUST ALWAYS BE EXAMINED AND WEIGHED

14 BY YOU WITH GREATER CARE AND CAUTION THAN THE TESTIMONY OF

15 ORDINARY WITNESSES.

16      IT IS PROPER TO CALL SUCH A WITNESS TO TESTIFY ABOUT

17 EVENTS WITHIN HIS OR HER PERSONAL KNOWLEDGE.  HOWEVER, THE USE

18 OF ADDICTIVE DRUGS MAY AFFECT A WITNESS'S ABILITY TO PERCEIVE

19 OR RELATE THE EVENTS IN QUESTION.

20      YOU MAY NOT CONVICT A DEFENDANT UPON THE UNSUPPORTED

21 TESTIMONY OF A WITNESS WHO USED ADDICTIVE DRUGS DURING THE

22 PERIOD OF TIME ABOUT WHICH HE TESTIFIED UNLESS YOU BELIEVE

23 THAT TESTIMONY BEYOND A REASONABLE DOUBT.

24      YOU ALSO HAVE HEARD THE TESTIMONY OF WITNESSES WHO

25 WERE PREVIOUSLY CONVICTED OF A CRIME PUNISHABLE BY MORE THAN

November 18, 2011

1 ONE YEAR IN JAIL OR A CRIME INVOLVING DISHONESTY OF FALSE

2 STATEMENT.

3          THESE PRIOR CONVICTIONS WERE BROUGHT OUT FOR YOU TO

4 CONSIDER IN EVALUATING THE CREDIBILITY OF THESE WITNESSES.

5 THE FACT THAT A WITNESS HAS PREVIOUSLY BEEN CONVICTED OF SUCH

6 A CRIME DOES NOT NECESSARILY DESTROY THE WITNESS'S

7 CREDIBILITY, BUT IT IS ONE OF THE CIRCUMSTANCES YOU MAY

8 CONSIDER IN DECIDING HOW MUCH OF THE WITNESS'S TESTIMONY TO

9 ACCEPT AND WHAT WEIGHT, IF ANY, IT SHOULD BE GIVEN.

10          MEMBERS OF THE JURY, THE PUNISHMENT PROVIDED BY LAW

11 AND IMPOSED UPON THE CONVICTION OF A CRIME IS A MATTER

12 STRICTLY FOR THE COURT.  THEREFORE, WHATEVER PUNISHMENT

13 ANOTHER PERSON MAY OR MAY NOT HAVE RECEIVED IN THE PAST, OR

14 ANY PUNISHMENT HE OR SHE MAY OR MAY NOT RECEIVE IN THE FUTURE,

15 SHOULD NOT ENTER INTO YOUR DELIBERATIONS.

16          OF COURSE, THIS DOES NOT PREVENT YOU FROM

17 CONSIDERING THE MOTIVATION OR CREDIBILITY OF A PARTICULAR

18 WITNESS WHO MAY HAVE CHOSEN TO TESTIFY IN HOPES OF RECEIVING A

19 LIGHTER OR A REDUCED SENTENCE.

20          HOWEVER, WHILE YOU SHOULD CAREFULLY CONSIDER THE

21 MOTIVATION AND CREDIBILITY OF EACH WITNESS, THE SPECIFIC

22 PUNISHMENT HE OR SHE MAY OR MAY NOT RECEIVE IS A MATTER

23 STRICTLY FOR THE COURT.

24          YOU HAVE HEARD THE TESTIMONY OF LAW ENFORCEMENT

25 OFFICIALS.  THE FACT THAT A WITNESS MAY BE EMPLOYED BY THE

November 18, 2011

1 FEDERAL OR STATE GOVERNMENT AS A LAW ENFORCEMENT OFFICIAL DOES

2 NOT MEAN THAT HIS OR HER TESTIMONY NECESSARILY IS DESERVING OF

3 MORE OR LESS CONSIDERATION, OR GREATER OR LESSER WEIGHT, THAN

4 THAT OF AN ORDINARY WITNESS.

5 AT THE SAME TIME, IT IS QUITE LEGITIMATE FOR A

6 DEFENSE ATTORNEY TO ATTACK THE CREDIBILITY OF LAW ENFORCEMENT

7 WITNESSES ON THE GROUND THAT THEIR TESTIMONY MAY BE COLORED BY

8 A PERSONAL OR PROFESSIONAL INTEREST IN THE OUTCOME OF THE

9 CASE.

10 IT IS YOUR DECISION, AFTER REVIEWING ALL OF THE

11 EVIDENCE, WHETHER TO ACCEPT THE TESTIMONY OF A LAW ENFORCEMENT

12 WITNESS AND TO GIVE THAT TESTIMONY WHATEVER WEIGHT, IF ANY,

13 YOU FIND IT DESERVES.

14 THE MERE FACT THAT A PERSON IS A LAW ENFORCEMENT

15 OFFICER DOES NOT ALLOW YOU TO GIVE HIS OR HER TESTIMONY ANY

16 MORE CREDENCE OR BELIEVABILITY THAN YOU WOULD ANY OTHER

17 WITNESS.

18 MEMBERS OF THE JURY, YOU HAVE HEARD TESTIMONY FROM

19 WITNESSES WHO WERE PERMITTED TO EXPRESS THEIR OPINIONS ON

20 SPECIFIC SUBJECTS.

21 AN OPINION WITNESS IS SOMEBODY WHO, BY EDUCATION OR

22 BY EXPERIENCE, MAY HAVE BECOME KNOWLEDGEABLE IN SOME

23 TECHNICAL, SCIENTIFIC OR VERY SPECIALIZED AREA.  IF SUCH

24 KNOWLEDGE OR EXPERIENCE MAY BE OF ASSISTANCE TO YOU IN

25 UNDERSTANDING SOME OF THE EVIDENCE OR IN DETERMINING A FACT,

November 18, 2011

1  AN OPINION WITNESS IN THAT AREA MAY STATE AN OPINION.

2          YOU SHOULD CONSIDER EACH SUCH OPINION RECEIVED IN

3  EVIDENCE IN THIS CASE AND GIVE IT SUCH WEIGHT AS YOU MAY THINK

4  IT DESERVES.  YOU SHOULD CONSIDER THE TESTIMONY OF OPINION

5  WITNESSES JUST AS YOU CONSIDER OTHER EVIDENCE IN THIS CASE.

6          IF YOU SHOULD DECIDE THAT THE OPINION EXPRESSED BY

7  AN OPINION WITNESS IS NOT BASED UPON SUFFICIENT EDUCATION OR

8  EXPERIENCE, OR IF YOU SHOULD CONSIDER THAT THE REASONS -- IF

9  YOU CONCLUDE THAT THE REASONS GIVEN IN SUPPORT OF THE OPINION

10  ARE NOT SOUND, OR IF YOU SHOULD CONCLUDE THAT THE OPINION IS

11  OUTWEIGHED BY OTHER EVIDENCE, YOU MAY DISREGARD THE OPINION IN

12  PART OR IN ITS ENTIRETY.  AS I ALREADY HAVE TOLD YOU, THE JURY

13  -- YOU, THE JURY, ARE THE SOLE JUDGES OF THE FACTS OF THIS

14  CASE.

15          A WITNESS MAY BE DISCREDITED OR IMPEACHED BY

16  CONTRADICTORY EVIDENCE, BY A SHOWING THAT HE OR SHE TESTIFIED

17  FALSELY CONCERNING A MATERIAL MATTER, OR BY EVIDENCE THAT AT

18  SOME OTHER TIME THE WITNESS HAS SAID OR DONE SOMETHING OR HAS

19  FAILED TO SAY OR DO SOMETHING WHICH IS INCONSISTENT WITH THE

20  WITNESS'S PRESENT TESTIMONY.

21          YOU MAY CONSIDER EVIDENCE OF A PRIOR INCONSISTENT

22  STATEMENT FOR THE PURPOSE OF DECIDING WHETHER TO BELIEVE THE

23  TRIAL TESTIMONY OF THE WITNESS WHO CONTRADICTED HIMSELF OR

24  HERSELF.

25          IF YOU BELIEVE THAT A WITNESS HAS BEEN SO IMPEACHED

1 THEN IT IS YOUR EXCLUSIVE PROVINCE TO GIVE THE TESTIMONY OF

2 THAT WITNESS SUCH CREDIBILITY OR WEIGHT, IF ANY, AS YOU MAY

3 THINK IT DESERVES.

4          NOW, MEMBERS OF THE JURY, THE DEFENDANT, DAVID

5 LEWIS, HAS BEEN CHARGED WITH OFFENSES IN A DOCUMENT CALLED A

6 SUPERSEDING INDICTMENT, TO WHICH SOME REFERENCE HAS BEEN MADE

7 DURING THE COURSE OF THIS TRIAL.

8          AS I HAVE MENTIONED EARLIER, THE SUPERSEDING

9 INDICTMENT ITSELF IS NOT EVIDENCE; IT IS MERELY A FORMAL

10 CHARGE AGAINST THE DEFENDANT.

11          THE DEFENDANT HAS PLEADED NOT GUILTY TO THE CHARGES

12 AGAINST HIM CONTAINED IN THE SUPERSEDING INDICTMENT.  A NOT

13 GUILTY PLEA PUTS INTO ISSUE EACH OF THE ELEMENTS OF THE

14 OFFENSES AS I WILL DESCRIBE THEM TO YOU, AND IMPOSES ON THE

15 GOVERNMENT THE BURDEN OF ESTABLISHING EACH OF THOSE ELEMENTS

16 BY PROOF BEYOND A REASONABLE DOUBT.

17          YOU WILL NOTE THAT THE SUPERSEDING INDICTMENT

18 CHARGES THAT THE OFFENSES WERE COMMITTED ON OR ABOUT A CERTAIN

19 DATE.  THE GOVERNMENT DOES NOT HAVE TO PROVE WITH EXACT

20 CERTAINTY OR WITH CERTAINTY THE EXACT DATE OF THE ALLEGED

21 OFFENSES.  IT IS SUFFICIENT IF THE GOVERNMENT PROVES BEYOND A

22 REASONABLE DOUBT THAT THE OFFENSES WERE COMMITTED ON A DATE

23 REASONABLY NEAR THE DATE ALLEGED.

24          THE WORD KNOWINGLY AS THAT TERM IS USED FROM TIME TO

25 TIME IN THESE INSTRUCTIONS AND IN THE SUPERSEDING INDICTMENT,

November 18, 2011

1 MEANS THAT THE ACT WAS DONE VOLUNTARILY AND INTENTIONALLY, AND

2 NOT BECAUSE OF MISTAKE OR ACCIDENT.

3 THE TERM INTENTIONALLY, AS USED IN THESE

4 INSTRUCTIONS, MEANS THAT AN ACT WAS PERFORMED KNOWINGLY,

5 DELIBERATELY AND WILLINGLY, AS CONTRASTED WITH ACCIDENTALLY,

6 CARELESSLY OR UNINTENTIONALLY.

7 THE TERM TO POSSESS MEANS TO EXERCISE AUTHORITY,

8 DOMINION OR CONTROL OVER SOMETHING.  THE LAW RECOGNIZES

9 DIFFERENT KINDS OF POSSESSION.

10 POSSESSION INCLUDES BOTH ACTUAL AND CONSTRUCTIVE

11 POSSESSION.  A PERSON WHO HAS ACTUAL -- WHO HAS DIRECT

12 PHYSICAL CONTROL OF SOMETHING ON OR AROUND HIS PERSON IS THEN

13 IN ACTUAL POSSESSION OF IT.

14 A PERSON WHO IS NOT IN ACTUAL POSSESSION BUT WHO HAS

15 BOTH THE POWER AND THE INTENTION TO EXERCISE CONTROL OVER

16 SOMETHING IS IN CONSTRUCTIVE POSSESSION OF IT.

17 WHENEVER I USE THE TERM POSSESSION IN THESE

18 INSTRUCTIONS, I MEAN ACTUAL AS WELL AS CONSTRUCTIVE

19 POSSESSION.

20 ADDITIONALLY, POSSESSION INCLUDES BOTH SOLE

21 POSSESSION AND JOINT POSSESSION.  IF ONE PERSON ALONE HAS

22 ACTUAL OR CONSTRUCTIVE POSSESSION, POSSESSION IS SOLE.  IF TWO

23 OR MORE PERSONS SHARE ACTUAL OR CONSTRUCTIVE POSSESSION,

24 POSSESSION IS JOINT.

25 WHENEVER I USE THE WORD POSSESSION IN THESE

November 18, 2011

1  INSTRUCTIONS, I MEAN JOINT AS WELL AS SOLE POSSESSION.

2        A PERSON'S INTENT ORDINARILY CANNOT BE PROVED

3  DIRECTLY, OF COURSE, BECAUSE THERE IS NO WAY OF FATHOMING OR

4  SCRUTINIZING THE OPERATIONS OF THE HUMAN MIND.

5        HOWEVER, YOU MAY INFER A DEFENDANT'S INTENT FROM THE

6  SURROUNDING CIRCUMSTANCES.  YOU MAY CONSIDER ANY STATEMENT

7  MADE OR DONE OR OMITTED BY THE DEFENDANT, AND ALL OTHER FACTS

8  AND CIRCUMSTANCES IN EVIDENCE WHICH INDICATE HIS STATE OF

9  MIND.

10        YOU MAY CONSIDER IT REASONABLE TO DRAW THE INFERENCE

11  AND FIND THAT A PERSON INTENDS THE NATURAL AND PROBABLE

12  CONSEQUENCES OF ACTS KNOWINGLY DONE OR KNOWINGLY OMITTED.  AS

13  I HAVE SAID, IT IS ENTIRELY UP TO YOU TO DECIDE WHAT FACTS TO

14  FIND FROM THE EVIDENCE.

15        THE PHRASE WITH INTENT TO DISTRIBUTE MEANS TO HAVE

16  IN MIND OR PLAN IN SOME WAY TO DELIVER OR TO TRANSFER

17  POSSESSION OR CONTROL OVER A THING TO SOMEONE ELSE.

18        THE TERM TO DISTRIBUTE INCLUDES, BUT DOES NOT

19  NECESSARILY REQUIRE, THE SALE OF SOMETHING BY ONE PERSON TO

20  ANOTHER.

21        IN ATTEMPTING TO DETERMINE THE INTENT OF ANY PERSON

22  YOU MAY TAKE INTO YOUR CONSIDERATION ALL THE FACTS AND

23  CIRCUMSTANCES SHOWN BY THE EVIDENCE RECEIVED IN THE CASE

24  CONCERNING THAT PERSON.

25        IN DETERMINING A PERSON'S INTENT TO DISTRIBUTE

November 18, 2011

1 CONTROLLED SUBSTANCES, YOU MAY CONSIDER, AMONG OTHER THINGS,

2 THE PURITY OF THE CONTROLLED SUBSTANCE, THE QUANTITY OF THE

3 CONTROLLED SUBSTANCE, THE PRESENCE OF EQUIPMENT USED IN THE

4 PROCESSING OR SALE OF CONTROLLED SUBSTANCES, AND LARGE AMOUNTS

5 OF CASH.

6      THE EVIDENCE IN THIS CASE CONSISTS OF THE SWORN

7 STATEMENT OF THE WITNESSES, REGARDLESS OF WHO MAY HAVE CALLED

8 THEM, ALL FACTS WHICH MAY HAVE BEEN AGREED TO OR STIPULATED.

9      WHEN THE ATTORNEYS ON BOTH SIDES STIPULATE OR AGREE

10 TO THE EXISTENCE OF A FACT, YOU MAY ACCEPT THE STIPULATION AS

11 EVIDENCE AND REGARD THAT FACT AS PROVED.  YOU ARE NOT REQUIRED

12 TO DO SO, HOWEVER, SINCE YOU ARE THE SOLE JUDGES OF THE FACTS.

13      ANY PROPOSED TESTIMONY OR PROPOSED EXHIBIT TO WHICH

14 AN OBJECTION WAS SUSTAINED BY THE COURT AND ANY TESTIMONY

15 ORDERED STRICKEN BY THE COURT MUST BE ENTIRELY DISREGARDED.

16      ADDITIONALLY, ANYTHING YOU MAY HAVE SEEN OR HEARD

17 OUTSIDE THE COURTROOM IS NOT EVIDENCE AND MUST BE ENTIRELY

18 DISREGARDED.

19      QUESTIONS, OBJECTIONS, STATEMENTS AND ARGUMENTS OF

20 COUNSEL ARE NOT EVIDENCE IN THE CASE UNLESS MADE AS AN

21 ADMISSION OR STIPULATION OF FACT.

22      YOU ARE TO BASE YOUR VERDICT ONLY ON THE EVIDENCE

23 RECEIVED IN THE CASE.  IN YOUR CONSIDERATION OF THE EVIDENCE

24 RECEIVED, HOWEVER, YOU ARE NOT LIMITED TO THE BALD STATEMENTS

25 OF THE WITNESSES OR TO THE BALD ASSERTIONS IN THE EXHIBITS.

November 18, 2011

1 RATHER, YOU ARE PERMITTED TO DRAW FROM THE FACTS WHICH YOU

2 FIND HAVE BEEN PROVED SUCH REASONABLE INFERENCES AS YOU FEEL

3 ARE JUSTIFIED IN THE LIGHT OF YOUR EXPERIENCE AND COMMON

4 SENSE.

5          NOW, MEMBERS OF THE JURY, THE SUPERSEDING INDICTMENT

6 IN THIS CASE CONTAINS FOUR COUNTS AGAINST DAVID LEWIS, EACH OF

7 WHICH CHARGES HIM WITH A SEPARATE CRIME.

8          YOU MUST CONSIDER EACH COUNT SEPARATELY AND RETURN A

9 SEPARATE VERDICT OF GUILTY OR NOT GUILTY FOR EACH.  WHETHER

10 YOU FIND THE DEFENDANT GUILTY OR NOT GUILTY AS TO ONE COUNT

11 SHOULD NOT AFFECT YOUR VERDICT AS TO ANY OTHER COUNT CHARGED.

12          COUNT ONE OF THE SUPERSEDING INDICTMENT CHARGES THAT

13 DAVID LEWIS KNOWINGLY AND INTENTIONALLY CONSPIRED WITH OTHERS

14 TO KNOWINGLY AND INTENTIONALLY MANUFACTURE, DISTRIBUTE,

15 DISPENSE AND POSSESS WITH THE INTENT TO DISTRIBUTE 500 GRAMS

16 OR MORE OF A MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE

17 AMOUNT OF METHAMPHETAMINE, IN VIOLATION OF 21 UNITED STATES

18 CODE SECTIONS 841(a) AND 846.

19          COUNT TWO CHARGES DAVID LEWIS WITH KNOWINGLY AND

20 INTENTIONALLY POSSESSING A LISTED CHEMICAL, THAT IS,

21 PSEUDOEPHEDRINE, WITH THE INTENT TO MANUFACTURE A CONTROLLED

22 SUBSTANCE, THAT BEING METHAMPHETAMINE, AND AIDING AND ABETTING

23 OTHERS IN DOING SO, IN VIOLATION OF 21 UNITED STATES CODE

24 SECTION 841(c)(1) AND TITLE 18 UNITED STATES CODE SECTION 2.

25          EACH OF COUNTS THREE AND TWELVE CHARGES DAVID LEWIS

November 18, 2011

1 WITH A SEPARATE COUNT OF KNOWINGLY AND INTENTIONALLY

2 POSSESSING EQUIPMENT, CHEMICALS, PRODUCTS AND MATERIAL WITH

3 THE INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE OR A LISTED

4 CHEMICAL, THAT IS METHAMPHETAMINE, AND AIDING AND ABETTING

5 OTHERS IN DOING SO, IN VIOLATION OF 21 UNITED STATES CODE

6 SECTION 843(a)(6) AND TITLE 18 UNITED STATES CODE SECTION 2.

7          I NOW WILL INSTRUCT YOU ON THE LAW YOU MUST APPLY IN

8 YOUR DELIBERATIONS ON THE CHARGES IN THE SUPERSEDING

9 INDICTMENT.

10          MEMBERS OF THE JURY, COUNT ONE OF THE SUPERSEDING

11 INDICTMENT CHARGES THAT, BEGINNING IN OR ABOUT DECEMBER 2008,

12 THE EXACT DATE BEING UNKNOWN, AND CONTINUING UP TO AND

13 INCLUDING ON OR ABOUT THE DATE OF THE INDICTMENT, IN THE

14 EASTERN DISTRICT OF NORTH CAROLINA, DAVID LEWIS AND OTHERS DID

15 KNOWINGLY AND INTENTIONALLY COMBINE, CONSPIRE, CONFEDERATE AND

16 AGREE WITH EACH OTHER AND HAVE A TACIT UNDERSTANDING WITH EACH

17 OTHER AND WITH OTHERS KNOWN AND UNKNOWN, TO KNOWINGLY AND

18 INTENTIONALLY MANUFACTURE, DISTRIBUTE, DISPENSE AND POSSESS

19 WITH THE INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE

20 AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

21 METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE, IN

22 VIOLATION OF TITLE 21, UNITED STATES CODE, SECTIONS 841(a)(1)

23 AND 846.

24          TITLE 21, UNITED STATES CODE, SECTION 846 MAKES IT A

25 SEPARATE FEDERAL CRIME OR OFFENSE FOR ANYONE TO CONSPIRE OR

1  AGREE WITH SOMEONE ELSE TO DO SOMETHING WHICH, IF ACTUALLY

2  CARRIED OUT, WOULD BE A VIOLATION OF SECTION 841(a)(1).

3         SECTION 841(a)(1) MAKES IT A CRIME FOR ANYONE TO

4  KNOWINGLY AND INTENTIONALLY MANUFACTURE, DISTRIBUTE, DISPENSE

5  AND POSSESS WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A

6  MIXTURE AND SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

7  METHAMPHETAMINE.

8         A CONSPIRACY IS A KIND OF CRIMINAL PARTNERSHIP, A

9  COMBINATION OR AGREEMENT OF TWO OR MORE PERSONS TO JOIN

10 TOGETHER TO ACCOMPLISH SOME UNLAWFUL PURPOSE.  THE CRIME OF

11 CONSPIRACY TO VIOLATE A FEDERAL LAW IS AN INDEPENDENT OFFENSE.

12 IT IS SEPARATE AND DISTINCT FROM THE ACTUAL VIOLATION OF ANY

13 SPECIFIC FEDERAL LAW OR SUBSTANTIVE CRIME.

14         CONGRESS HAS DEEMED IT APPROPRIATE TO MAKE

15 CONSPIRACY, STANDING ALONE, A SEPARATE CRIME EVEN IF THE

16 CONSPIRACY IS NOT SUCCESSFUL.  THIS IS BECAUSE COLLECTIVE

17 CRIMINAL ACTIVITY POSES A GREATER THREAT TO THE PUBLIC'S

18 SAFETY AND WELFARE THAN INDIVIDUAL CONDUCT, AND INCREASES THE

19 LIKELIHOOD OF SUCCESS OF A PARTICULAR CRIMINAL VENTURE.

20         I INSTRUCT YOU, HOWEVER, THAT BECAUSE THE ESSENCE OF

21 A CONSPIRACY OFFENSE IS THE MAKING OF THE SCHEME ITSELF, IT IS

22 NOT NECESSARY FOR THE GOVERNMENT TO PROVE THAT THE

23 CONSPIRATORS ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR

24 UNLAWFUL PLAN.

25         BY ITS VERY NATURE A CONSPIRACY IS CLANDESTINE AND

1  COVERT, THEREBY, FREQUENTLY RESULTING IN LITTLE DIRECT

2  EVIDENCE OF SUCH AN AGREEMENT.  A CONSPIRACY MAY BE PROVED

3  ENTIRELY BY CIRCUMSTANTIAL EVIDENCE, SO LONG AS THE GOVERNMENT

4  ESTABLISHES PROOF OF EACH ELEMENT OF A CONSPIRACY BEYOND A

5  REASONABLE DOUBT.

6          A PERSON MAY BE A MEMBER OF A CONSPIRACY WITHOUT

7  KNOWING ITS FULL SCOPE, OR ALL OF ITS MEMBERS, AND WITHOUT

8  TAKING A PART IN THE FULL RANGE OF ITS ACTIVITIES, OR

9  PARTICIPATING DURING THE WHOLE PERIOD OF ITS EXISTENCE.

10          IT IS NOT NECESSARY TO PROVE THAT A CONSPIRACY HAS A

11  DISCRETE, IDENTIFIABLE ORGANIZATIONAL STRUCTURE; THE REQUISITE

12  AGREEMENT TO ACT IN CONCERT NEED NOT RESULT IN ANY SUCH FORMAL

13  STRUCTURE.  THE FACT THAT A CONSPIRACY IS LOOSELY-KNIT,

14  HAPHAZARD, OR ILL-CONCEIVED DOES NOT RENDER IT ANY LESS A

15  CONSPIRACY.

16          IN ADDITION TO PROVING THE EXISTENCE OF A CONSPIRACY

17  BEYOND A REASONABLE DOUBT, THE GOVERNMENT MUST ALSO PROVE THE

18  DEFENDANT'S CONNECTION TO THE CONSPIRACY BEYOND A REASONABLE

19  DOUBT.

20          TO SATISFY THAT BURDEN, THE GOVERNMENT NEED NOT

21  PROVE THAT THE DEFENDANT KNEW PARTICULARS OF THE CONSPIRACY OR

22  ALL OF HIS CO-CONSPIRATORS.  IT IS ENOUGH IF THE EVIDENCE

23  SHOWS BEYOND A REASONABLE DOUBT THAT HE JOINED THE CONSPIRACY

24  WITH AN UNDERSTANDING OF ITS UNLAWFUL NATURE, AND THAT HE

25  WILLFULLY JOINED IN THE PLAN ON AT LEAST ONE OCCASION, EVEN IF

November 18, 2011

1 HE HAD NOT PREVIOUSLY PARTICIPATED AND EVEN IF HE PLAYED ONLY

2 A MINOR PART.

3        THEREFORE, YOU MAY NOT FIND DAVID LEWIS GUILTY OF

4 THE CONSPIRACY CHARGED IN COUNT ONE OF THE SUPERSEDING

5 INDICTMENT UNLESS YOU FIND THE GOVERNMENT HAS PROVED EACH OF

6 THE FOLLOWING ELEMENTS BEYOND A REASONABLE DOUBT.

7        FIRST, THAT TWO OR MORE PERSONS IN SOME WAY OR

8 MANNER, CAME TO A MUTUAL UNDERSTANDING TO TRY TO ACCOMPLISH

9 THE COMMON AND UNLAWFUL PLAN TO KNOWINGLY AND INTENTIONALLY

10 MANUFACTURE, DISTRIBUTE, DISPENSE OR POSSESS WITH INTENT TO

11 DISTRIBUTE A MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE

12 AMOUNT OF METHAMPHETAMINE; AND SECOND, THAT THE CONSPIRACY

13 INVOLVED 500 GRAMS OR MORE OF A MIXTURE OR SUBSTANCE

14 CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE; AND THIRD,

15 THAT DAVID LEWIS KNOWINGLY BECAME A MEMBER OF THAT CONSPIRACY.

16        THE FIRST ELEMENT THAT THE GOVERNMENT MUST PROVE IS

17 THE EXISTENCE OF THE CONSPIRATORIAL AGREEMENT.  THE GOVERNMENT

18 NEED NOT PROVE THAT THE ALLEGED CONSPIRATORS ENTERED INTO ANY

19 FORMAL AGREEMENT, NOR THAT THEY DIRECTLY STATED BETWEEN

20 THEMSELVES THE DETAILS OF THE SCHEME.

21        MOREOVER, THE AGREEMENT NEED NOT BE FORMAL OR

22 EXPRESS AND MAY CONSIST OF NOTHING MORE THAN A TACIT

23 UNDERSTANDING.  DIRECT PROOF OF THE AGREEMENT IS NOT REQUIRED.

24 BECAUSE CONSPIRACIES ARE NURTURED IN SECRECY, THE AGREEMENT

25 OFTEN CANNOT BE PROVED BY DIRECT TESTIMONY.  PROOF OF THE

November 18, 2011

1 AGREEMENT THEREFORE OFTEN MUST REST UPON INFERENCES DRAWN FROM

2 RELEVANT AND COMPETENT CIRCUMSTANTIAL EVIDENCE.  AN AGREEMENT

3 MAY BE INFERRED FROM THE CONCERT OF ACTION AMONG ALLEGED

4 PARTICIPANTS.

5 　　　　KEEP IN MIND, HOWEVER, THAT A DEFENDANT'S MERE

6 PRESENCE AT THE SCENE OF AN EVENT, EVEN WITH KNOWLEDGE THAT A

7 CRIME IS BEING COMMITTED, OR THE MERE FACT THAT CERTAIN

8 PERSONS MAY HAVE ASSOCIATED WITH EACH OTHER, AND MAY HAVE

9 ASSEMBLED TOGETHER AND DISCUSSED COMMON AIMS AND INTERESTS,

10 DOES NOT NECESSARILY ESTABLISH PROOF OF THE EXISTENCE OF A

11 CONSPIRACY.

12 　　　　THE SECOND ELEMENT THE GOVERNMENT MUST PROVE BEYOND

13 A REASONABLE DOUBT IS THE TYPE OF CONTROLLED SUBSTANCE AND

14 MINIMUM QUANTITY OF THAT CONTROLLED SUBSTANCE THAT WAS THE

15 OBJECT OF THE CONSPIRACY ALLEGED IN COUNT ONE OF THE

16 SUPERSEDING INDICTMENT.

17 　　　　IN THIS CASE, THE GOVERNMENT HAS CHARGED THAT DAVID

18 LEWIS KNOWINGLY BECAME A MEMBER OF A CONSPIRACY TO

19 MANUFACTURE, DISTRIBUTE, DISPENSE AND POSSESS WITH INTENT TO

20 DISTRIBUTE A QUANTITY OF 500 GRAMS OR MORE OF A CONTROLLED

21 SUBSTANCE DEFINED AS A MIXTURE AND SUBSTANCE CONTAINING A

22 DETECTABLE AMOUNT OF METHAMPHETAMINE, A SCHEDULE II CONTROLLED

23 SUBSTANCE.

24 　　　　IN ORDER TO CONVICT DAVID LEWIS OF THE OFFENSE

25 CHARGED IN COUNT ONE, THE GOVERNMENT MUST PROVE BEYOND A

November 18, 2011

1 REASONABLE DOUBT THAT THE CONSPIRACY INVOLVED A MIXTURE OR

2 SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE IN

3 A QUANTITY OF AT LEAST 500 GRAMS.

4        THE THIRD ELEMENT THE GOVERNMENT MUST SHOW IS THE

5 DEFENDANT'S MEMBERSHIP IN THE CONSPIRACY.  ONE MAY BECOME A

6 MEMBER OF A CONSPIRACY WITHOUT KNOWING ALL THE DETAILS OF THE

7 UNLAWFUL SCHEME OR THE IDENTITIES OF ALL THE OTHER ALLEGED

8 CONSPIRATORS.

9        I REMIND YOU THAT IF A DEFENDANT UNDERSTANDS THE

10 UNLAWFUL NATURE OF A PLAN OR SCHEME AND KNOWINGLY AND

11 INTENTIONALLY JOINS THAT PLAN OR SCHEME ON ONE OCCASION, THEN

12 THAT IS SUFFICIENT TO CONVICT HIM FOR CONSPIRACY EVEN THOUGH

13 THE DEFENDANT HAD NOT PARTICIPATED BEFORE AND EVEN THOUGH THE

14 DEFENDANT PLAYED ONLY A MINOR PART.  NOR MUST THE GOVERNMENT

15 PROVE THAT ALL OF THE PERSONS ALLEGED TO HAVE BEEN MEMBERS OF

16 THE CONSPIRACY WERE SUCH, OR THAT THE ALLEGED CONSPIRATORS

17 ACTUALLY SUCCEEDED IN ACCOMPLISHING THEIR UNLAWFUL OBJECTIVES.

18 HOWEVER, A PERSON WHO HAS NO KNOWLEDGE OF THE PURPOSE OF A

19 CONSPIRACY, DOES NOT THEREBY BECOME A CONSPIRATOR.

20        FURTHERMORE, ONE DOES NOT BECOME A CONSPIRATOR

21 MERELY BY BEING A BUYER OR SELLER OF DRUGS.  A BUYER/SELLER

22 RELATIONSHIP, STANDING ALONE, DOES NOT ESTABLISH THE EXISTENCE

23 OF A CONSPIRACY.

24        WHILE A BUYER/SELLER RELATIONSHIP COUPLED WITH THE

25 INVOLVEMENT OF A SUBSTANTIAL QUANTITY OF DRUGS, MAY SUPPORT

November 18, 2011

1 THE INFERENCE OF THE EXISTENCE OF A CONSPIRACY, THE BURDEN IS

2 STILL UPON THE GOVERNMENT, BY PROOF BEYOND A REASONABLE DOUBT,

3 TO SHOW THAT A DEFENDANT KNOWINGLY ENTERED THE CONSPIRATORIAL

4 AGREEMENT ALLEGED IN THE SUPERSEDING INDICTMENT TO

5 MANUFACTURE, DISTRIBUTE, DISPENSE AND POSSESS WITH INTENT TO

6 DISTRIBUTE ILLEGAL DRUGS.

7       NOW, MEMBERS OF THE JURY, I INSTRUCT YOU THAT A

8 MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

9 METHAMPHETAMINE IS A CONTROLLED SUBSTANCE WITHIN THE MEANING

10 OF THE LAW.

11       HOWEVER, YOU MUST DECIDE WHETHER THE GOVERNMENT HAS

12 PROVED BEYOND A REASONABLE DOUBT THAT THE SUBSTANCE IN

13 QUESTION WAS, IN FACT, A MIXTURE OR SUBSTANCE CONTAINING A

14 DETECTABLE AMOUNT OF METHAMPHETAMINE.

15       FURTHERMORE, THE GOVERNMENT MUST PROVE BEYOND A

16 REASONABLE DOUBT THAT DAVID LEWIS KNEW THE SUBSTANCE IN

17 QUESTION WAS A CONTROLLED SUBSTANCE.

18       THE GOVERNMENT DOES NOT HAVE TO PROVE, HOWEVER, THAT

19 DAVID LEWIS KNEW THAT SUBSTANCE IN QUESTION WAS A MIXTURE OR

20 SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE.

21       YOU WILL RECALL THE DEFINITION I GAVE YOU EARLIER OF

22 THE TERM TO DISTRIBUTE, WHICH MEANS TO PASS ON, OR TO HAND

23 OVER TO ANOTHER, OR TO CAUSE TO BE PASSED ON, OR HANDED OVER

24 TO ANOTHER, OR TO TRY TO PASS ON OR HAND OVER TO ANOTHER, A

25 CONTROLLED SUBSTANCE.  IT INCLUDES, BUT DOES NOT REQUIRE, THE

November 18, 2011

1 SALE OF SOMETHING BY ONE PERSON TO ANOTHER.

2        THE TERM POSSESS WITH THE INTENT TO DISTRIBUTE
3 SIMPLY MEANS TO POSSESS WITH THE INTENT TO DELIVER OR TRANSFER
4 POSSESSION OF A CONTROLLED SUBSTANCE TO ANOTHER PERSON, WITH
5 OR WITHOUT ANY FINANCIAL INTEREST IN THE TRANSACTION.

6        PLEASE RECALL MY INSTRUCTIONS ON DETERMINING THE
7 INTENT OF ANY PERSON.

8        YOU MAY TAKE INTO YOUR CONSIDERATION ALL THE ACTS
9 AND CIRCUMSTANCES SHOWN BY THE EVIDENCE IN THE CASE --
10 EVIDENCE RECEIVED IN THE CASE CONCERNING THAT PERSON.

11        IN DETERMINING A PERSON'S INTENT TO DISTRIBUTE A
12 CONTROLLED SUBSTANCE, YOU MAY CONSIDER, AMONG OTHER THINGS,
13 THE PURITY OF THE SUBSTANCE, THE QUANTITY OF THE SUBSTANCE,
14 THE PRESENCE OR ABSENCE OF EQUIPMENT USED IN THE PROCESSING OR
15 SALE OF CONTROLLED SUBSTANCES AND THE PRESENCE OF LARGE
16 AMOUNTS OF CASH OR WEAPONS.

17        EVIDENCE HAS BEEN RECEIVED IN THIS CASE THAT CERTAIN
18 PERSONS, SOME OF WHOM ARE ALLEGED IN COUNT ONE OF THE
19 SUPERSEDING INDICTMENT TO BE CO-CONSPIRATORS OF THE DEFENDANT,
20 MAY HAVE DONE OR SAID THINGS DURING THE EXISTENCE OR LIFE OF
21 THE ALLEGED CONSPIRACY IN ORDER TO FURTHER OR ADVANCE ITS
22 GOALS.

23        SUCH ACTS AND STATEMENTS OF THESE OTHER OFFICIALS --
24 INDIVIDUALS MAY BE CONSIDERED BY YOU IN DETERMINING WHETHER OR
25 NOT THE GOVERNMENT HAS PROVED THE CHARGES IN COUNT ONE OF THE

November 18, 2011

1 SUPERSEDING INDICTMENT AGAINST DAVID LEWIS.

2         SINCE THESE ACTS MAY HAVE BEEN PERFORMED AND THESE
3 STATEMENTS MAY HAVE BEEN MADE OUTSIDE OF DAVID LEWIS'
4 PRESENCE, AND EVEN -- OR EVEN DONE OR SAID WITHOUT HIS
5 KNOWLEDGE, YOU MUST EXAMINE THESE ACTS OR STATEMENTS WITH
6 PARTICULAR CARE BEFORE CONSIDERING THEM AGAINST HIM IF HE DID
7 NOT DO THE PARTICULAR ACT OR MAKE THE PARTICULAR STATEMENT.

8         ACTS DONE OR STATEMENTS MADE BY AN ALLEGED CO-
9 CONSPIRATOR BEFORE A DEFENDANT JOINED A CONSPIRACY MAY ALSO BE
10 CONSIDERED BY YOU IN DETERMINING WHETHER THE GOVERNMENT HAS
11 SUSTAINED ITS BURDEN OF PROVING THE EXISTENCE OF A CONSPIRACY
12 AS ALLEGED IN COUNT ONE OF THE SUPERSEDING INDICTMENT.

13         ACTS DONE OR STATEMENTS MADE BEFORE AN ALLEGED
14 CONSPIRACY BEGAN OR AFTER AN ALLEGED CONSPIRACY ENDED,
15 HOWEVER, MAY BE CONSIDERED ONLY BY YOU REGARDING THE PERSON
16 WHO ACTUALLY PERFORMED THAT ACT OR MADE THAT STATEMENT.

17         A SINGLE CONSPIRACY MAY INVOLVE VARIOUS PEOPLE AT
18 VARIOUS LEVELS AND MAY INVOLVE NUMEROUS TRANSACTIONS WHICH ARE
19 CONDUCTED OVER SOME PERIOD OF TIME AND AT VARIOUS PLACES.

20         IN ORDER TO ESTABLISH A SINGLE CONSPIRACY, THE
21 GOVERNMENT NEED NOT PROVE THAT A DEFENDANT KNEW EACH OF THE
22 OTHER ALLEGED MEMBERS OF THE CONSPIRACY NOR NEED IT ESTABLISH
23 THAT A DEFENDANT WAS AWARE OF EACH TRANSACTION ALLEGED IN THE
24 INDICTMENT.

25         HOWEVER, IF THE EVIDENCE IN THIS CASE SHOWS THAT

November 18, 2011

1  DAVID LEWIS WAS A MEMBER OF SOME OTHER CONSPIRACY, BUT NOT THE

2  SINGLE CONSPIRACY ALLEGED IN COUNT ONE OF THE SUPERSEDING

3  INDICTMENT, YOU MUST FIND HIM NOT GUILTY OF CONSPIRACY.

4          IN SUMMARY, THEN, WHAT THE GOVERNMENT MUST PROVE AS

5  TO COUNT ONE IS THAT THERE WAS A MUTUAL UNDERSTANDING, EITHER

6  SPOKEN OR UNSPOKEN, BETWEEN TWO OR MORE PEOPLE, TO COOPERATE

7  WITH EACH OTHER TO COMMIT THE CRIME OF KNOWINGLY AND

8  INTENTIONALLY MANUFACTURING, DISTRIBUTING, DISPENSING OR

9  POSSESSING WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A

10 MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

11 METHAMPHETAMINE, AND THAT DAVID LEWIS KNOWINGLY BECAME A

12 MEMBER OF THAT CONSPIRACY.

13         THAT IS, YOU MUST DETERMINE WHETHER THE GOVERNMENT

14 HAS PROVED EACH OF THE FOLLOWING ELEMENTS OF CONSPIRACY BEYOND

15 A REASONABLE DOUBT; FIRST, THAT TWO OR MORE PERSONS IN SOME

16 WAY OR MANNER, CAME TO A MUTUAL UNDERSTANDING TO TRY TO

17 ACCOMPLISH THE COMMON AND UNLAWFUL PLAN TO KNOWINGLY AND

18 INTENTIONALLY MANUFACTURE, DISTRIBUTE, DISPENSE OR POSSESS

19 WITH INTENT TO DISTRIBUTE A MIXTURE OR SUBSTANCE CONTAINING A

20 DETECTABLE AMOUNT OF METHAMPHETAMINE; AND SECOND, THAT THE

21 CONSPIRACY INVOLVED 500 GRAMS OR MORE OF A MIXTURE OR

22 SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE;

23 AND THIRD, THAT DAVID LEWIS KNOWINGLY BECAME A MEMBER OF THAT

24 CONSPIRACY.

25         IF YOU DO NOT SO FIND OR IF YOU HAVE A REASONABLE

November 18, 2011

1  DOUBT ABOUT ANY OF THESE ELEMENTS, THEN YOU WOULD FIND DAVID

2  LEWIS NOT GUILTY OF THE CONSPIRACY CHARGED IN COUNT ONE.

3         NOW, MEMBERS OF THE JURY, THE INSTRUCTION I AM NOW

4  ABOUT TO GIVE YOU APPLIES TO EACH OF COUNTS TWO, THREE AND

5  TWELVE OF THE SUPERSEDING INDICTMENT.  I WILL NOT REPEAT IT

6  FOR EACH INSTRUCTION, SO YOU WILL NEED TO LISTEN CAREFULLY.

7         A PERSON MAY VIOLATE THE LAW EVEN THOUGH HE OR SHE

8  DOES NOT PERSONALLY DO EACH AND EVERY ACT CONSTITUTING THE

9  OFFENSE IF THAT PERSON AIDED OR ABETTED THE COMMISSION OF THE

10 OFFENSE.

11        SECTION 2(a) OF TITLE 18 OF THE UNITED STATES CODE

12 PROVIDES WHOEVER COMMITS AN OFFENSE AGAINST THE UNITED STATES

13 OR AIDS, ABETS, COUNSELS, COMMANDS, INDUCES OR PROCURES ITS

14 COMMISSION, IS PUNISHABLE AS A PRINCIPAL.

15        IN ORDER TO PROVE THAT DAVID LEWIS IS GUILTY OF ANY

16 OF THE CRIMES CHARGED IN COUNTS TWO, THREE AND TWELVE OF THE

17 SUPERSEDING INDICTMENT BY AIDING OR ABETTING ANOTHER PERSON IN

18 COMMITTING SUCH CRIME, THE GOVERNMENT MUST PROVE BEYOND A

19 REASONABLE DOUBT; FIRST, THAT DAVID LEWIS KNEW THAT THE CRIME

20 CHARGED WAS TO BE COMMITTED OR WAS BEING COMMITTED; SECOND,

21 THAT HE KNOWINGLY DID SOME ACT FOR THE PURPOSE OF AIDING OR

22 ENCOURAGING THE COMMISSION OF THAT CRIME; AND THIRD, THAT HE

23 ACTED WITH THE INTENTIONAL -- WITH THE INTENTION OF CAUSING

24 THE CRIME CHARGED TO BE COMMITTED BY SOME PERSON.

25        THIS MEANS THAT DAVID LEWIS MAY NOT BE HELD

Case 5:11-cr-00229-BO  Document 422  Filed 09/24/12  Page 39 of 62

1 RESPONSIBLE FOR AIDING OR ABETTING OTHERS IN THE COMMISSION OF

2 A CRIME, UNLESS THE GOVERNMENT PROVES BEYOND A REASONABLE

3 DOUBT THAT HE KNOWINGLY AND DELIBERATELY ASSOCIATED HIMSELF IN

4 SOME WAY WITH THE CRIME CHARGED OR PARTICIPATED IN IT WITH THE

5 INTENT TO COMMIT THE CRIME.

6 YOU MAY NOT FIND DAVID LEWIS GUILTY AS AN AIDER OR

7 ABETTOR TO ANY OF THE CRIMES CHARGED IN COUNTS TWO, THREE AND

8 TWELVE, UNLESS THE GOVERNMENT ALSO PROVES, BEYOND A REASONABLE

9 DOUBT, THAT SOMEONE COMMITTED EACH OF THE ESSENTIAL ELEMENTS

10 OF THE OFFENSE CHARGED AS I WILL INSTRUCT YOU AS TO EACH OF

11 COUNTS TWO, THREE AND TWELVE OF THE SUPERSEDING INDICTMENT.

12 MERE PRESENCE AT THE SCENE OF A CRIME OR MERELY

13 KNOWING THAT A CRIME IS BEING COMMITTED OR IS ABOUT TO BE

14 COMMITTED IS NOT SUFFICIENT CONDUCT FOR YOU TO FIND THAT DAVID

15 LEWIS AIDED OR ABETTED THE COMMISSION OF THAT CRIME.

16 THE GOVERNMENT MUST PROVE THAT HE KNOWINGLY

17 ASSOCIATED HIMSELF WITH THE CRIME IN SOME WAY AS A

18 PARTICIPANT, SOMEONE WHO WANTED THE CRIME TO BE COMMITTED, NOT

19 AS A MERE SPECTATOR.

20 COUNT TWO OF THE SUPERSEDING INDICTMENT CHARGES THAT

21 ON OR ABOUT FEBRUARY 8TH, 2010, IN THE EASTERN DISTRICT OF

22 NORTH CAROLINA, DAVID LEWIS AIDED AND ABETTED OTHERS, BOTH

23 KNOWN AND UNKNOWN, TO KNOWINGLY AND INTENTIONALLY POSSESS A

24 LISTED CHEMICAL, TO-WIT, PSEUDOEPHEDRINE, WITH THE INTENT TO

25 MANUFACTURE A CONTROLLED SUBSTANCE, THAT BEING

1 METHAMPHETAMINE, A SCHEDULE II CONTROLLED SUBSTANCE, IN

2 VIOLATION OF TITLE 21 UNITED STATES CODE SECTION 841(c), AND

3 TITLE 18 UNITED STATES CODE SECTION 2.

4       TITLE 21 UNITED STATES CODE SECTION 841(c)(1) AND

5 TITLE 18 UNITED STATES CODE SECTION 2 MAKE IT A CRIME FOR

6 ANYONE TO POSSESS A LISTED CHEMICAL WITH THE INTENT TO

7 MANUFACTURE A CONTROLLED SUBSTANCE, AND TO AID AND ABET

8 ANOTHER PERSON IN DOING SO.

9       IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE

10 CRIME OF POSSESSION OF A LISTED CHEMICAL, THAT IS,

11 PSEUDOEPHEDRINE, WITH THE INTENT TO MANUFACTURE THE CONTROLLED

12 SUBSTANCE METHAMPHETAMINE, AS CHARGED IN COUNT TWO OF THE

13 SUPERSEDING INDICTMENT, THE GOVERNMENT MUST PROVE EACH OF THE

14 FOLLOWING THREE ESSENTIAL ELEMENTS BEYOND A REASONABLE DOUBT;

15 FIRST, THE DEFENDANT, DAVID LEWIS, KNOWINGLY POSSESSED A

16 LISTED CHEMICAL; AND SECOND, THE LISTED CHEMICAL HE KNOWINGLY

17 POSSESSED WAS PSEUDOEPHEDRINE; AND THIRD, THAT DAVID LEWIS

18 POSSESSED IT WITH THE INTENT TO MANUFACTURE A CONTROLLED

19 SUBSTANCE, THAT IS, METHAMPHETAMINE OR THAT DAVID LEWIS AIDED

20 OR ABETTED ANOTHER PERSON IN SO DOING.

21       NOW, MEMBERS OF THE JURY, I REMIND YOU THE TERM

22 POSSESS MEANS TO EXERCISE AUTHORITY, DOMINION OR CONTROL OVER

23 SOMETHING.  POSSESSION MAY BE ACTUAL OR CONSTRUCTIVE.

24 POSSESSION MAY BE SOLE OR JOINT.

25       I ALSO INSTRUCT YOU AS TO COUNT TWO, FIRST THAT

Case 5:11-cr-00229-BO   Document 422   Filed 09/24/12   Page 41 of 62

1 PSEUDOEPHEDRINE IS A LISTED CHEMICAL AS THAT TERM IS USED IN

2 THE STATUTE AND IN THESE INSTRUCTIONS; AND SECOND, THAT

3 METHAMPHETAMINE IS A CONTROLLED SUBSTANCE, AS THAT TERM IS

4 USED IN THE STATUTE AND IN THESE INSTRUCTIONS.

5            IT IS ENTIRELY UP TO YOU TO DETERMINE, HOWEVER,

6 WHETHER THE GOVERNMENT PROVED BEYOND A REASONABLE DOUBT THAT

7 DAVID LEWIS KNOWINGLY POSSESSED THAT LISTED CHEMICAL,

8 PSEUDOEPHEDRINE, WITH THE INTENT TO MANUFACTURE THE CONTROLLED

9 SUBSTANCE METHAMPHETAMINE.

10           AGAIN, WHILE THE GOVERNMENT IS NOT REQUIRED TO PROVE

11 THAT DAVID LEWIS KNEW THE SUBSTANCE HE POSSESSED WAS

12 PSEUDOEPHEDRINE, IT MUST PROVE THAT HE KNEW HE POSSESSED A

13 LISTED CHEMICAL WITH THE INTENT TO MANUFACTURE THE CONTROLLED

14 SUBSTANCE METHAMPHETAMINE.

15           IN SUMMARY, AS TO COUNT TWO OF THE SUPERSEDING

16 INDICTMENT, IF YOU SHOULD FIND THE GOVERNMENT PROVED EACH OF

17 THE FOLLOWING THREE ESSENTIAL ELEMENTS BEYOND A REASONABLE

18 DOUBT; FIRST, THAT DAVID LEWIS KNOWINGLY POSSESSED A LISTED

19 CHEMICAL; AND SECOND, THAT THE LISTED CHEMICAL HE KNOWINGLY

20 POSSESSED WAS PSEUDOEPHEDRINE; AND THIRD, THAT DAVID LEWIS

21 POSSESSED IT WITH THE INTENT TO MANUFACTURE A CONTROLLED

22 SUBSTANCE, THAT IS, METHAMPHETAMINE; OR THAT HE AIDED ANOTHER

23 PERSON IN DOING SO, THEN YOU WOULD FIND HIM GUILTY OF THE

24 OFFENSE CHARGED IN COUNT TWO OF THE SUPERSEDING INDICTMENT.

25           IF YOU DO NOT SO FIND, HOWEVER, OR IF YOU HAVE A

Case 5:11-cr-00229-BO   Document 422   Filed 09/24/12   Page 42 of 62

1  REASONABLE DOUBT AS TO ANY OF THESE ELEMENTS, THEN YOU WOULD

2  FIND DAVID LEWIS NOT GUILTY OF THE OFFENSE CHARGED IN COUNT

3  TWO.

4           EACH OF COUNTS THREE AND TWELVE CHARGES DAVID LEWIS

5  WITH A SEPARATE INSTANCE OF AIDING OR ABETTING OTHERS TO

6  KNOWINGLY POSSESS EQUIPMENT, CHEMICALS, PRODUCTS OR MATERIALS

7  THAT MAY BE USED TO MANUFACTURE A CONTROLLED SUBSTANCE, THAT

8  IS, METHAMPHETAMINE, WITH THE INTENT -- THAT IS WITH THE

9  INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE OR LISTED

10 CHEMICAL, THAT IS, METHAMPHETAMINE.

11          SPECIFICALLY, COUNT THREE OF THE SUPERSEDING

12 INDICTMENT CHARGES THAT ON OR ABOUT FEBRUARY 2ND -- I BEG YOUR

13 PARDON -- ON OR ABOUT FEBRUARY 8TH, 2010, IN THE EASTERN

14 DISTRICT OF NORTH CAROLINA, DAVID LEWIS, THE DEFENDANT HEREIN,

15 AIDING AND ABETTING OTHERS KNOWN AND UNKNOWN, DID KNOWINGLY

16 AND INTENTIONALLY POSSESS EQUIPMENT, CHEMICALS, PRODUCTS AND

17 MATERIAL WITH THE INTENT TO MANUFACTURE A CONTROLLED

18 SUBSTANCE, THAT IS, METHAMPHETAMINE, A SCHEDULE II CONTROLLED

19 SUBSTANCE, IN VIOLATION OF TITLE 21 UNITED STATES CODE SECTION

20 843(a)(6), AND TITLE 18 UNITED STATES CODE SECTION 2.

21          COUNT TWELVE OF THE SUPERSEDING INDICTMENT CHARGES

22 THAT ON OR ABOUT JUNE 30TH, 2011, IN THE EASTERN DISTRICT OF

23 NORTH CAROLINA, DAVID LEWIS, THE DEFENDANT HEREIN, AIDING AND

24 ABETTING OTHERS, KNOWN AND UNKNOWN, DID KNOWINGLY AND

25 INTENTIONALLY POSSESS EQUIPMENT, CHEMICALS, PRODUCTS AND

November 18, 2011

1 MATERIAL WITH THE INTENT TO MANUFACTURE A CONTROLLED SUBSTANCE

2 OR LISTED CHEMICAL, THAT IS, METHAMPHETAMINE, A SCHEDULE II

3 CONTROLLED SUBSTANCE, IN VIOLATION OF TITLE 21, UNITED STATES

4 CODE, SECTION 843(a)(6) AND TITLE 18, UNITED STATES CODE,

5 SECTION 2.

6        TITLE 21 UNITED STATES CODE, SECTION 843(a)(6) AND

7 TITLE 18 UNITED STATES CODE SECTION 2 TOGETHER MAKE IT A CRIME

8 FOR ANYONE TO POSSESS EQUIPMENT, CHEMICALS, PRODUCTS, OR

9 MATERIAL WHICH MAY BE USED TO MANUFACTURE A CONTROLLED

10 SUBSTANCE, THAT IS, METHAMPHETAMINE, WITH THE INTENT TO

11 MANUFACTURE THAT CONTROLLED SUBSTANCE.

12        IN ORDER TO SUSTAIN ITS BURDEN OF PROOF FOR THE

13 CRIME OF POSSESSION OF EQUIPMENT, CHEMICALS, PRODUCTS, OR

14 MATERIAL WHICH MAY BE USED TO MANUFACTURE A CONTROLLED

15 SUBSTANCE, THAT IS, METHAMPHETAMINE, WITH THE INTENT TO

16 MANUFACTURE THAT CONTROLLED SUBSTANCE, THE GOVERNMENT MUST

17 PROVE EACH OF THE FOLLOWING TWO ESSENTIAL ELEMENTS BEYOND A

18 REASONABLE DOUBT; FIRST, THAT DAVID LEWIS KNOWINGLY POSSESSED

19 EQUIPMENT, CHEMICALS, PRODUCTS, OR MATERIAL THAT MAY BE USED

20 TO MANUFACTURE METHAMPHETAMINE; AND SECOND, THAT HE DID SO

21 WITH THE INTENT TO MANUFACTURE THE CONTROLLED SUBSTANCE,

22 METHAMPHETAMINE.

23        YOU WILL APPLY THESE ELEMENTS TO THE EVIDENCE

24 RECEIVED AS TO EACH OF COUNTS THREE AND TWELVE, SEPARATELY AND

25 INDIVIDUALLY.

November 18, 2011

1          IF, AFTER DOING SO, YOU DETERMINE, AS TO THE COUNT

2   YOU ARE CONSIDERING, THAT THE GOVERNMENT HAS PROVED BEYOND A

3   REASONABLE DOUBT THAT DAVID LEWIS KNOWINGLY POSSESSED

4   EQUIPMENT, CHEMICALS, PRODUCTS OR MATERIALS THAT MAY BE USED

5   TO MANUFACTURE METHAMPHETAMINE OR THAT HE DID SO WITH THE

6   INTENT TO MANUFACTURE METHAMPHETAMINE OR THAT, AS TO THE COUNT

7   YOU ARE CONSIDERING, HE AIDED OR ABETTED ANOTHER PERSON IN

8   DOING SO, THEN YOU WOULD FIND DAVID LEWIS GUILTY OF THAT COUNT

9   YOU ARE CONSIDERING.

10          HOWEVER, IF, AS TO EITHER OF COUNTS THREE AND

11  TWELVE, YOU DO NOT SO FIND, OR IF YOU HAVE A REASONABLE DOUBT

12  AS TO ANY ELEMENT OF THE OFFENSE, THEN YOU WOULD FIND DAVID

13  LEWIS NOT GUILTY OF THAT COUNT THAT YOU ARE CONSIDERING.

14          MEMBERS OF THE JURY, I REMIND YOU THAT YOU MUST

15  CONSIDER EACH OF COUNTS TWO, THREE -- ONE, TWO, THREE AND

16  TWELVE OF THE SUPERSEDING INDICTMENT SEPARATELY AND

17  INDIVIDUALLY.  YOUR VERDICT AS TO ANY ONE OF THESE COUNTS

18  SHOULD HAVE NO BEARING ON YOUR DELIBERATIONS CONCERNING THE

19  DEFENDANT'S GUILT OR INNOCENCE AS TO ANY OTHER OF THESE

20  COUNTS.  EACH OF THESE COUNTS CHARGES A COMPLETE SEPARATE

21  OFFENSE.

22          NOW, I CAUTION YOU, MEMBERS OF THE JURY, THAT YOU

23  ARE HERE TO DETERMINE THE GUILT OR INNOCENCE OF DAVID LEWIS

24  FROM THE EVIDENCE RECEIVED IN THIS CASE.

25          THE DEFENDANT IS NOT ON TRIAL FOR ANY ACT OR CONDUCT

November 18, 2011

1 OR OFFENSE NOT ALLEGED IN THE SUPERSEDING INDICTMENT.  NEITHER
2 ARE YOU CALLED UPON TO RETURN A VERDICT AS TO THE GUILT OR
3 INNOCENCE OF ANY OTHER PERSON OR PERSONS NOT ON TRIAL AS A
4 DEFENDANT IN THIS CASE.

5         ALSO, THE PUNISHMENT PROVIDED BY LAW FOR THE OFFENSE
6 CHARGED IN THE SUPERSEDING INDICTMENT IS A MATTER EXCLUSIVELY
7 WITHIN THE PROVINCE OF THE COURT, AND SHOULD NEVER BE
8 CONSIDERED BY YOU IN ARRIVING AT AN IMPARTIAL VERDICT AS TO
9 THE GUILT OR INNOCENCE OF THE DEFENDANT.

10        ANY VERDICT MUST REPRESENT THE CONSIDERED JUDGEMENT
11 OF EACH JUROR.  IN ORDER TO RETURN A VERDICT, IT IS NECESSARY
12 THAT EACH JUROR AGREE THERETO.  IN OTHER WORDS, YOUR VERDICT
13 MUST BE UNANIMOUS.

14        IT IS YOUR DUTY AS JURORS TO CONSULT WITH ONE
15 ANOTHER AND TO DELIBERATE IN AN EFFORT TO REACH AGREEMENT IF
16 YOU CAN DO SO WITHOUT VIOLENCE TO INDIVIDUAL JUDGEMENT.

17        EACH OF YOU MUST DECIDE THE CASE FOR YOURSELF, BUT
18 ONLY AFTER AN IMPARTIAL CONSIDERATION OF THE EVIDENCE IN THE
19 CASE WITH YOUR FELLOW JURORS.

20        IN THE COURSE OF YOUR DELIBERATIONS, DO NOT HESITATE
21 TO RE-EXAMINE YOUR OWN VIEWS OR CHANGE YOUR OPINION IF
22 CONVINCED IT IS ERRONEOUS.  DO NOT SURRENDER YOUR HONEST
23 CONVICTION AS TO THE WEIGHT OR EFFECT OF THE EVIDENCE SOLELY
24 BECAUSE OF THE OPINION OF YOUR FELLOW JURORS OR FOR THE MERE
25 PURPOSE OF RETURNING A VERDICT.

November 18, 2011

1        REMEMBER AT ALL TIMES, YOU ARE NOT PARTISANS.  YOU

2   ARE JUDGES, JUDGES OF THE FACTS.  YOUR SOLE INTEREST IS TO

3   SEEK THE TRUTH FROM THE EVIDENCE IN THE CASE.

4        MEMBERS OF THE JURY, WHEN YOU RETIRE TO THE JURY

5   ROOM TO DELIBERATE ON YOUR VERDICT THE FIRST ORDER OF YOUR

6   BUSINESS SHOULD BE THE SELECTION OF ONE OF YOUR NUMBER TO

7   SERVE AS YOUR FOREPERSON WHO WILL PRESIDE OVER YOUR

8   DELIBERATIONS TO ACT AS YOUR FOREPERSON HERE IN COURT.

9        NOW, WHEN YOU GO YOU WILL BE GIVEN AN ENVELOPE THAT

10  CONTAINS TWO PIECES OF PAPER, ONE IS A COPY OF THE SUPERSEDING

11  INDICTMENT WHICH CHARGES THE DEFENDANT IN THIS CASE, THE OTHER

12  IS A VERDICT FORM AND IT READS AS FOLLOWS, AT THE TOP IT SAYS

13  UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NORTH

14  CAROLINA, UNITED STATES OF AMERICA VS. DAVID LEWIS, AND THEN

15  IT HAS THE CASE NUMBER OUT TO THE SIDE OF THAT AND IT HAS THE

16  WORD SPECIAL VERDICT THEN IT HAS THE CASE NUMBER.

17       NOW, IN THE LOWER RIGHT-HAND CORNER THERE'S A BLANK

18  FOR THE -- LEFT-HAND CORNER IS A PLACE FOR THE FOREPERSON'S

19  SIGNATURE AND IN THE LOWER RIGHT-HAND CORNER THERE'S A PLACE

20  TO PUT THE DATE.

21       THE VERDICT FORM HAS WRITTEN OUT TO THE RIGHT IT

22  SAYS SPECIAL VERDICT SHEET AND THEN IT SAYS, ONE, WE, THE

23  JURY, UNANIMOUSLY FIND AS TO COUNT ONE KNOWINGLY AND

24  INTENTIONALLY CONSPIRING TO MANUFACTURE, DISTRIBUTE, DISPENSE

25  OR POSSESS WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A

November 18, 2011

1  MIXTURE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE,

2  THAT THE DEFENDANT, DAVID LEWIS, IS AND THERE'S A BLANK -- IT

3  SAYS BLANK, NOT GUILTY; BLANK, GUILTY.

4           THEN BELOW IT, IT SAYS COUNT TWO, WE, THE JURY,

5  UNANIMOUSLY FIND AS TO COUNT TWO THAT THE DEFENDANT, DAVID

6  LEWIS, IS AND AGAIN THERE'S A BLANK FOR NOT GUILTY AND A BLANK

7  FOR GUILTY.

8           THREE, IT SAYS, WE, THE JURY, UNANIMOUSLY FIND AS TO

9  COUNT THREE THAT THE DEFENDANT, DAVID LEWIS, IS BLANK, NOT

10 GUILTY; BLANK, GUILTY.

11          THEN IT SAYS FOUR, WE, THE JURY, UNANIMOUSLY FIND AS

12 TO COUNT 12 THAT THE DEFENDANT, DAVID LEWIS, IS BLANK, NOT

13 GUILTY; BLANK, GUILTY.

14          AFTER YOU HAVE ARRIVED AT A VERDICT AS TO A

15 PARTICULAR COUNT YOUR FOREPERSON WILL SIMPLY CHECK THE BLANK

16 THAT'S APPROPRIATE, EITHER GUILTY OR NOT GUILTY, AS TO THAT

17 COUNT.  THEY WILL THEN SIGN IT IN THE LOWER LEFT-HAND CORNER

18 AND PUT A DATE IN THE RIGHT-HAND CORNER AND THEN BRING IT BACK

19 INTO THE COURTROOM WITH YOU WHEN YOU'RE READY TO ANNOUNCE YOUR

20 VERDICT.

21          DURING YOUR DELIBERATIONS, IF YOU DESIRE TO

22 COMMUNICATE WITH ME IN ANY WAY, IF YOU HAVE ANY QUESTIONS OR

23 REQUESTS FOR FURTHER INSTRUCTIONS OR WHATEVER, PLEASE REDUCE

24 YOUR MESSAGE TO WRITING, HAVE IT SIGNED BY YOUR FOREPERSON AND

25 SEND IT TO ME.  THE MARSHAL WILL BE JUST OUTSIDE OF YOUR JURY

November 18, 2011

1 ROOM DOOR TO ATTEND TO YOUR NEEDS.

2          AFTER RECEIVING YOUR COMMUNICATION, IF I FEEL THAT I

3 CAN RESPOND TO IT IN WRITING, I WILL DO SO.  IF I FEEL THAT

4 IT'S NECESSARY TO HAVE YOU BROUGHT BACK INTO THE COURTROOM TO

5 ADDRESS YOU ORALLY, I WILL DO THAT.

6          IN ANY COMMUNICATION THAT YOU MAKE TO ME, HOWEVER,

7 LET ME CAUTION YOU THAT YOU MUST NEVER DISCLOSE TO ME YOUR

8 NUMERICAL DIVISION, IF ANY.  FOR INSTANCE, IF YOU ARE SPLIT

9 SIX TO SIX OR EIGHT TO FOUR, DON'T TELL ME THAT IN YOUR NOTE.

10          WHEN YOU GO TO YOUR JURY ROOM, YOU WILL BE PROVIDED

11 ALL OF THE EXHIBITS, WHICH HAVE BEEN INTRODUCED INTO EVIDENCE

12 AND YOU MAY MAKE WHATEVER USE OF THEM YOU WISH.

13          DURING THE COURSE OF YOUR DELIBERATIONS, I MAY

14 COMMUNICATE WITH YOU BY SENDING A NOTE TO YOU REGARDING

15 CERTAIN MATTERS, YOUR FURTHER DELIBERATIONS OR WHATEVER, AND I

16 WOULD ASK THAT YOU PLEASE RESPOND TO THAT.

17          IF YOU HAPPEN TO RUN OUT OF ANY REFRESHMENTS OR IF

18 YOU WANT ANY REFRESHMENTS OR WHATEVER OR HAVE ANY NEEDS, JUST

19 KNOCK ON YOUR DOOR AND COMMUNICATE YOUR NEEDS TO THE MARSHAL.

20          LET ME SEE COUNSEL, PLEASE.

21          (BENCH CONFERENCE ON THE RECORD.)

22          THE COURT:  ANY CORRECTIONS?

23          MS. WELLS:  NOT FROM THE GOVERNMENT.

24          THE COURT:  ANY CORRECTIONS?

25          MR. STEWART:  NO, YOUR HONOR.

November 18, 2011

1          THE COURT:  ALL RIGHT.  THANK YOU VERY MUCH.

2          MR. STEWART:  THANK YOU, JUDGE.

3          MS. WELLS:  THANK YOU.

4          (BENCH CONFERENCE CONCLUDED.)

5          THE COURT:  F.F. AND B.F., YOU CAN STEP BACK INTO

6  THE COURTROOM, IF YOU WOULD, PLEASE.

7          MEMBERS OF THE JURY, YOU MAY NOW RETIRE TO

8  DELIBERATE ON YOUR VERDICT.

9          (JURY RETIRES AT 1:40 P.M. TO BEGIN DELIBERATIONS.)

10         THE COURT:  F.F. AND B.F., I WANT TO THANK YOU FOR

11 SERVING AS ALTERNATE JURORS.  AS I TOLD YOU EARLIER, IT'S

12 REALLY ALMOST -- I WOULD SAY THAT WE USE ALTERNATE JURORS IN

13 AT LEAST A THIRD OF THE CASES THAT WE TRY.  SOMEBODY GETS

14 SICK, A CHILD GETS SICK OR HAVE A DEATH IN THE FAMILY OR THE

15 BRIDGE IS UP OR SOMETHING LIKE THAT SO WE HAVE TO USE THEM.

16 AND, OF COURSE, IT IS MUCH MORE EFFICIENT TO USE ALTERNATES

17 RATHER THAN BRING BACK A WHOLE NEW PANEL OF JURORS AND BRING

18 BACK ALL THE WITNESSES AND GO THROUGH THE WHOLE TRIAL AGAIN.

19         YOU'RE NOT SUBJECT TO BEING CALLED FOR JURY SERVICE

20 IN THE NEXT TWO YEARS.  IF YOU'RE CALLED EITHER IN THIS COURT

21 OR STATE COURT, IF YOU'LL CALL OUR CLERK'S OFFICE WE'LL SEE

22 THAT YOU'RE EXCUSED.

23         PEOPLE OFTEN ASK HOW -- WONDER HOW WE GET OUR JURIES

24 OR OUR PANELS.  WE HAVE A JURY WHEEL IN WHICH THE NAME OF

25 EVERY PERSON WHO VOTES IN THE LAST PRESIDENTIAL ELECTION IT

November 18, 2011

1  GOES BY NUMBER AND IT'S DRAWN BY NUMBER SO NOBODY EVER KNOWS

2  WHO IS GOING TO BE ON THE PANEL FROM WHICH THE PETIT JURY IS

3  ACTUALLY SELECTED.

4         I'VE WORKED WITH JURORS NOW FOR -- ON THE FEDERAL

5  BENCH I'M IN MY 30TH YEAR AND I PRACTICED LAW FOR 25 YEARS

6  BEFORE THAT AND I WANT TO TELL YOU THAT I HAVE GREAT

7  CONFIDENCE IN JURORS.  I THINK OUR JURIES COME INTO THIS COURT

8  AND DO THEIR LEVEL BEST TO DETERMINE FAIR AND IMPARTIAL

9  VERDICTS.  IT'S NOT ALWAYS EASY.  SOMETIMES IT'S PRETTY

10 DIFFICULT.  THE JUDGING BUSINESS CAN BE VERY HARD.  BUT THEY

11 COME IN AND GIVE IT THEIR VERY HARDEST.

12        AND JURIES POSSESS A RESERVOIR OF KNOWLEDGE AND

13 HUMAN EXPERIENCE AND OBSERVATION THAT NO JUDGE OR TRIBUNAL OF

14 JUDGES CAN POSSESS.  THEY DO A MUCH BETTER JOB THAN A SINGLE

15 JUDGE COULD POSSIBLY POSSESS.  I THINK THEY DO AN EXCELLENT,

16 EXCELLENT JOB.

17        ALSO, I ALWAYS COMMENT ABOUT LAWYERS.  LAWYERS HAVE

18 FOUR GREAT FUNCTIONS AND I THINK TELEVISION DOES A TERRIBLE

19 JOB OF PORTRAYING THEM.

20        LAWYERS ARE ADVOCATES FOR THEIR CLIENT'S CAUSE, BUT

21 THEY'RE ALSO TWO OTHER GREAT THINGS.  AS OFFICERS OF THE

22 COURT, THEY ADVISE THE COURT THEIR OPINION AS TO LEGAL ISSUES

23 AND THEY ARE COUNSELORS TO US IN THE FORMS OF BUSINESSES THAT

24 WE USE AND IN A GREAT MANY CASES THEY ARE GREAT COMPROMISERS.

25 THEY KNOW BY VIRTUE OF THEIR LAW SCHOOL TRAINING AND THEIR

1 HUMAN EXPERIENCE JUST AS YOU KNOW ABOUT ANY DOMESTIC DISPUTE

2 IN YOUR COMMUNITY THAT THERE ARE TWO SIDES TO EVERY CASE AND

3 FREQUENTLY THEY'RE ABLE TO EXPLAIN TO THEIR CLIENT THAT IT'S

4 MUCH BETTER TO GET THINGS RESOLVED QUICKLY, SOMETHING IS SAID

5 FOR HAVING THINGS DONE RAPIDLY AND WITH CERTAINTY AND

6 ELIMINATING SOME OF THE CHANCES OF IT.

7 I HOPE YOU LEAVE WITH CONFIDENCE IN YOUR JUDICIAL

8 SYSTEM. I WANT TO THANK YOU FOR YOUR SERVICE. IT'S VERY

9 IMPORTANT THAT PEOPLE SERVE ON JURIES. I THINK WHEN YOU LEAVE

10 IF SOMEBODY ASKS YOU DID YOU FIND IT IMPORTANT YOU CAN SAY,

11 YES, IT IS IMPORTANT. IF IT WAS YOUR CASE THAT'S WHAT YOU

12 WOULD WANT. IT'S AN IMPORTANT THING AND WE THANK YOU VERY

13 MUCH FOR YOUR SERVICE.

14 YOU'RE NOW FREE TO LEAVE IF YOU WANT TO OR YOU CAN

15 STAY HERE AND SEE WHAT THE JURY DOES WITH IT. I ASK THAT YOU

16 -- YOU'RE PERFECTLY FREE TO DISCUSS YOUR JURY SERVICE ANY TIME

17 YOU WANT TO. I DO ASK THAT YOU NOT DISCUSS IT UNTIL AFTER THE

18 JURY HAS COME IN WITH THEIR VERDICT, BUT YOU'RE TO TALK ABOUT

19 IT AND IF SOMEBODY ASKS YOU QUESTIONS ABOUT IT DON'T HESITATE

20 TO TALK TO THEM. IF YOU DON'T WANT TO TALK TO THEM, SIMPLY

21 TELL THEM YOU DON'T CARE TO DISCUSS IT AND IF THEY CONTINUE TO

22 BOTHER YOU, YOU BRING IT TO OUR ATTENTION AND WE'LL SEE THAT

23 THAT DISTURBANCE IS PROMPTLY BROUGHT TO AN END.

24 THANK YOU SO MUCH FOR BEING WITH US. WE THANK YOU.

25 COURT WILL NOW STAND AT EASE PENDING THE JURY

November 18, 2011

1 DELIBERATIONS.

2          (RECESS FROM 1:46 P.M., UNTIL 3:03 P.M., PENDING

3 JURY DELIBERATIONS.)

4          (DEFENDANT PRESENT.)

5          (OUT OF THE PRESENCE OF THE JURY.)

6          THE COURT:  GOOD AFTERNOON, EVERYONE.  PLEASE BE

7 SEATED.  COUNSEL, I WOULDN'T DO THIS EXCEPT I HAD TOLD THEM

8 BEFORE THAT WE WOULD STOP AT 3:00 AND I'M AFRAID SOME OF THEM

9 MAY HAVE PLANNED ON IT.  SO, I'M GOING TO SEND THEM A NOTE

10 SAYING, "MEMBERS OF THE JURY, WOULD YOU PREFER TO CONTINUE IN

11 YOUR DELIBERATIONS OR BE EXCUSED FOR THE WEEKEND TILL MONDAY,

12 NOVEMBER 21, AT 9:00 A.M.?"

13          MS. WELLS:  THAT'S SATISFACTORY TO THE GOVERNMENT,

14 YOUR HONOR.

15          MR. STEWART:  TO THE DEFENSE AS WELL, YOUR HONOR.

16          THE COURT:  THANK YOU.  WOULD YOU SEND THAT TO THEM?

17 THANK YOU.

18          (PAUSE.)

19          MS. WELLS:  YOUR HONOR, WHILE WE'RE WAITING, WOULD

20 IT BE OKAY IF I BROUGHT ONE ISSUE TO THE COURT'S ATTENTION?

21          THE COURT:  SURE.

22          MS. WELLS:  NOT RELATED TO THE TRIAL NECESSARILY,

23 BUT TO AN ORDER AFTER TRIAL.  AS THE COURT KNOWS, THE EVIDENCE

24 WITH THE NARCOTICS HAS TO GO BACK -- IT DOESN'T GO INTO THE

25 COURT'S CUSTODY.  IT GOES BACK TO LAW ENFORCEMENT.  AND IN A

November 18, 2011

1 PREVIOUS CASE, I HAD AN ISSUE.  THE STATE BUREAU OF

2 INVESTIGATIONS IS NOT REALLY SET UP FOR THEIR AGENTS TO

3 MAINTAIN EVIDENCE FOR AN EXTENDED PERIOD OF TIME.  SUCH AS IF

4 THERE WERE A CONVICTION IN THIS CASE FOR SOME REASON THAT IT

5 NEEDED TO BE HELD FOR APPEAL OR SOMETHING LIKE THAT.

6          SO, THERE'S AN ISSUE WITH THE STATE BUREAU OF

7 INVESTIGATION BEING CONCERNED THAT THEIR EVIDENCE -- THAT THEY

8 MIGHT ACCIDENTALLY VIOLATE A COURT ORDER IF WE USE ONE OF THE

9 STANDARD ORDERS.

10          SO, WHAT OUR OFFICE DID WAS DRAFT A PROPOSED -- TWO

11 PROPOSED ORDERS ASKING THAT THE EVIDENCE BE TURNED OVER TO

12 SPECIAL AGENT KELLY PAGE.  ONE OF THE ORDERS RETURNS THE

13 EVIDENCE TO THE APPROPRIATE EVIDENCE TECHNICIAN AT THE WILSON

14 COUNTY'S SHERIFF'S OFFICE AND THE OTHER ONE RETURNS THE

15 EVIDENCE TO THE JOHNSTON COUNTY SHERIFF'S OFFICE.  AND I HAVE

16 THOSE PROPOSED ORDERS HERE FOR THE COURT TO LOOK AT IT IF IT

17 PLEASES THE COURT.

18          THE COURT:  WELL, WHICH WOULD YOU PREFER?

19          MS. WELLS:  WELL, THERE NEEDS TO BE SOME ORDERS IN

20 THE GOVERNMENT'S OPINION BECAUSE WILSON COUNTY CAN'T MAINTAIN

21 JOHNSTON COUNTY'S EVIDENCE AND JOHNSTON COUNTY CAN'T MAINTAIN

22 WILSON COUNTY'S EVIDENCE, BUT AGENT PAGE CAN RETURN THE

23 EVIDENCE TO BOTH OF THE COUNTIES IF THAT DOESN'T MESS UP

24 ANYTHING FOR THE COURT OR THE CLERK'S OFFICE AND WE TALKED

25 ABOUT THAT AND I THINK AT THIS POINT WE JUST NEED THE COURT

November 18, 2011

1  TO --

2          THE COURT:  DO YOU SEE ANY PROBLEM WITH IT, SUE?

3          MADAM CLERK:  NO, SIR.  I TALKED IT OVER WITH SHELIA

4  AS WELL AND SHE SAID AS LONG AS YOU AGREE WITH IT IT WOULD BE

5  FINE.  IT JUST SORT OF SETS UP A CHAIN OF CUSTODY.

6          THE COURT:  SURE.  I AGREE WITH IT.

7          MS. WELLS:  OKAY.  I JUST WANTED TO BRING IT TO THE

8  COURT'S ATTENTION.

9          THE COURT:  SURE.

10         MS. WELLS:  AND I SPOKE WITH DEFENSE AND HE'S FINE

11 WITH THAT.

12         THE COURT:  FINE.

13         MS. WELLS:  THANK YOU VERY MUCH.

14         THE COURT:  THANK YOU.

15         (PAUSE.)

16         THE COURT:  THEY SAID THEY'D RATHER BREAK AND RETURN

17 ON MONDAY MORNING.  THEY ALSO HAVE A QUESTION.  JUDGE FOX, RE:

18 COUNT ONE, AS TO THE LANGUAGE 500 GRAMS OR MORE OF A MIXTURE

19 OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

20 METHAMPHETAMINE, DOES THAT MEAN 500 GRAMS OF THE FINISHED

21 PRODUCT, THAT IS TO SAY, METHAMPHETAMINE?  THAT'S THEIR

22 QUESTION.  HOW DO YOU THINK IT SHOULD BE RESPONDED TO, MS.

23 WELLS?

24         MS. WELLS:  ONE MOMENT, PLEASE, YOUR HONOR.

25         (PAUSE.)

1          MS. WELLS:  WELL, I THINK THAT THE LAW CONSPIRACY

2  IS, YOUR HONOR, IS THAT IT DOESN'T HAVE TO BE SUCCESSFUL.  I

3  MEAN, THAT THE CONSPIRACY WAS TO -- I MEAN, I THINK MAYBE THEY

4  -- IT SOUNDS LIKE THEY -- I MEAN, THAT'S WHAT THE CHARGE IS TO

5  THE JURY IS THAT IT MEANS TO -- THE CONSPIRACY NEEDS TO BE

6  ABLE TO PRODUCE 500 GRAMS OR MORE OF METHAMPHETAMINE OR A

7  MIXTURE OR SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF

8  METHAMPHETAMINE, NOT THAT THE CONSPIRACY HAD TO BE SUCCESSFUL

9  IN COMPLETING THAT, BUT THAT THAT WAS THE GOAL OF THE

10 CONSPIRACY.

11         THE COURT:  THAT HAS TO BE THE GOAL, IS THAT

12 CORRECT?

13         MS. WELLS:  THAT'S CORRECT, YOUR HONOR.  THAT HAS TO

14 BE THE GOAL OF THE CONSPIRACY.  NOW, OBVIOUSLY, I THINK THE

15 LAW IS WELL SETTLED THAT CONSPIRACY -- THE GOAL DOES NOT HAVE

16 TO BE MET, BUT IT HAS TO BE --

17         THE COURT:  IT HAS TO BE THE GOAL.

18         MS. WELLS:  THAT'S CORRECT, YOUR HONOR.

19         THE COURT:  ALL RIGHT.  I INTEND TO CALL THEM IN AND

20 TELL THEM THAT THEN RELEASE THEM FOR THE DAY.

21         MS. WELLS:  OKAY.  ARE YOU GOING TO RECHARGE THEM ON

22 THAT PARTICULAR SECTION?

23         THE COURT:  NO, I'M JUST GOING TO TELL THEM THAT IT

24 HAS TO BE THE GOAL.

25         MS. WELLS:  OKAY.  THANK YOU.

November 18, 2011

1            THE COURT:  THE GOAL OF THE CONSPIRACY HAS TO BE THE

2  -- PRODUCE 500 GRAMS OR MORE OF A MIXTURE OR A SUBSTANCE

3  CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE.  DO YOU

4  AGREE WITH THAT, MS. WELLS?

5            MS. WELLS:  YES, SIR, YOUR HONOR.  I'M SORRY, COULD

6  YOU REPEAT THAT?  I WAS JUST LOOKING FOR THE JURY

7  INSTRUCTIONS.

8            THE COURT:  I'M GOING TO TELL THEM THE GOAL OF THE

9  CONSPIRACY HAS TO BE THAT THEY INTENDED TO PRODUCE 500 GRAMS

10 OR MORE OF A SUBSTANCE OR MATERIAL CONTAINING A DETECTABLE

11 AMOUNT OF METHAMPHETAMINE.

12           MS. WELLS:  MIXTURE OR SUBSTANCE CONTAINING A

13 DETECTABLE AMOUNT OF METHAMPHETAMINE.

14           THE COURT:  WOULD YOU AGREE WITH THAT?

15           MS. WELLS:  YES, SIR.

16           MR. STEWART:  YOUR HONOR, I THINK THERE -- TO FIND

17 IT THERE HAS TO BE IN ANY SUBSTANCE THAT THEY TALK ABOUT

18 METHAMPHETAMINE.  I MEAN, THAT -- METHAMPHETAMINE HAS TO EXIST

19 IN THE SUBSTANCES THAT THEY'RE FINDING.  IT'S AN ELEMENT.

20 CONTAINING METHAMPHETAMINE.  IF THE METH IS NOT MADE THERE'S

21 NOT A QUANTITY OF IT.

22           MS. WELLS:  THAT WOULD BE RIGHT IF WE HAD CHARGED

23 HIM JUST WITH 841(a)(1), BUT WE CHARGED HIM WITH A CONSPIRACY

24 AND THE LAW CHANGES -- I MEAN, THE LAW OF CONSPIRACY THEN

25 RULES, WHICH IS IT'S A GOAL.  I MEAN, THAT'S WHAT THE JURY

November 18, 2011

1 CHARGE WAS WAS THAT THEY NEEDED --

2          THE COURT:  IT'S A GOAL.

3          MS. WELLS:  -- TO INTEND TO DO IT.  THEY NEEDED TO

4 CONSPIRE TOGETHER TO DO IT.  BUT THE CONSPIRACY AS THE COURT

5 CHARGED THE JURY DOES NOT HAVE TO BE SUCCESSFUL FOR IT TO BE A

6 CONSPIRACY.

7          (PAUSE.)

8          MS. WELLS:  AND, YOUR HONOR, IN YOUR CHARGE -- AND

9 I'LL BE HONEST WITH THE COURT, I HAVE THE ORIGINAL CHARGE, BUT

10 I'M LOOKING AT THE FIRST SET OF INSTRUCTIONS, BUT I DON'T

11 BELIEVE THEY CHANGED FROM ONE SET TO THE OTHER.

12          YOU INSTRUCTED THEM TITLE 21 UNITED STATES CODE

13 SECTION 846 MAKES IT A SEPARATE FEDERAL CRIME OR OFFENSE FOR

14 ANYONE TO CONSPIRE OR AGREE WITH SOMEONE ELSE TO DO SOMETHING,

15 WHICH IF ACTUALLY CARRIED OUT, WOULD BE A VIOLATION OF SECTION

16 841(a)(1) AND THEN YOU GO ON TO DEFINE 841(a)(1) AND THEN YOU

17 TALK ABOUT THE CONSPIRACY AS 21 USC 846, THE CRIMINAL

18 PARTNERSHIP, THE COMBINATION OF TWO OR MORE PERSONS TO JOIN

19 TOGETHER --

20          THE COURT:  WELL, I THINK I'M JUST GOING TO TELL

21 THEM THAT THEY HAVE TO SHOW THAT THEY CONSPIRED OR AGREED AND

22 HAD A TACIT UNDERSTANDING WITH OTHERS KNOWN AND UNKNOWN TO

23 KNOWINGLY AND INTENTIONALLY MANUFACTURE, DISPENSE AND POSSESS

24 WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE OR

25 SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE

1 AND THAT THEY DON'T HAVE TO BE SUCCESSFUL, BUT THAT'S WHAT

2 THEY HAVE TO HAVE AGREED TO. DO YOU AGREE WITH THAT?

3          MS. WELLS: I AGREE WITH THAT, YOUR HONOR.

4          THE COURT: MR. STEWART?

5          MR. STEWART: YES, YOUR HONOR.

6          THE COURT: OKAY. BRING THE JURY IN, IF YOU WOULD,

7 PLEASE.

8          (IN THE PRESENCE OF THE JURY.)

9          THE COURT: M.G., I HAVE YOUR NOTE AND I SAID

10 MEMBERS OF THE JURY, WOULD YOU PREFER TO CONTINUE IN YOUR

11 DELIBERATIONS OR BE EXCUSED FOR THE WEEKEND UNTIL MONDAY,

12 NOVEMBER 21ST, 2001 -- 2011 AT 9:00 A.M., AND YOU INDICATED

13 YOU'D RATHER BREAK AND RETURN ON MONDAY MORNING. THAT'S WHAT

14 WE'RE GOING TO DO.

15          BUT I'M GOING TO RESPOND TO YOUR NOTE ALSO. COUNT

16 ONE CHARGES THAT BEGINNING ON OR ABOUT DECEMBER 2008, THE

17 EXACT DATE BEING UNKNOWN, AND CONTINUING UP TO AND INCLUDING

18 ON OR ABOUT THE DATE OF THE INDICTMENT, IN THE EASTERN

19 DISTRICT OF NORTH CAROLINA, DAVID LEWIS AND OTHERS DID

20 KNOWINGLY AND INTENTIONALLY COMBINE, CONSPIRE, CONFEDERATE AND

21 AGREE WITH EACH OTHER AND HAVE A TACIT UNDERSTANDING WITH EACH

22 OTHER AND OTHERS KNOWN AND UNKNOWN, TO KNOWINGLY AND

23 INTENTIONALLY MANUFACTURE, DISTRIBUTE, DISPENSE AND POSSESS

24 WITH INTENT TO DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE OR

25 SUBSTANCE CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE.

November 18, 2011

1 THAT HAS TO BE THEIR GOAL, WHETHER THEY DID IT OR NOT, WHETHER

2 THEY WERE SUCCESSFUL OR NOT IS NOT IMPORTANT, BUT THAT'S WHAT

3 -- THAT HAS TO BE WHAT THEY AGREED TO TRY TO DO.

4          DO YOU ALL UNDERSTAND THAT?

5          FOREPERSON M.G.:  THAT'S NOT THE QUESTION.

6          JUROR:  WELL --

7          THE COURT:  WELL, IF YOU HAVE -- YES, SIR.

8          FOREPERSON M.G.:  YOUR HONOR, THE JURY FOREMAN.  THE

9 QUESTION WAS THE MIXTURE -- THE 500 GRAMS OF MIXTURE, DOES

10 THAT MEAN ALL OF THE MIXTURE GOING TOGETHER TO CREATE 500

11 GRAMS OF A PRODUCT THAT WOULD YIELD A TRACE AMOUNT --

12 BASICALLY MINOR TRACE AMOUNTS OR ARE WE TALKING ABOUT YIELDING

13 500 GRAMS OF --

14          THE COURT:  YIELDING 500 GRAMS.

15          FOREPERSON M.G.:  500 OF A FINISHED -- OF

16 METHAMPHETAMINE AT THE END OF THE PROCESS?

17          THE COURT:  OF A MIXTURE CONTAINING 500 GRAMS OF

18 METHAMPHETAMINE.  IN OTHER WORDS, IT HAS TO BE --

19          JUROR:  500 --

20          THE COURT:  -- A MIXTURE CONTAINING 500.  THAT WAS

21 THEIR GOAL, THAT'S WHAT THEY INTENDED, WANTED TO DO.

22          FOREPERSON M.G.:  SO, IT'S 500 PRODUCT.  YEAH.

23 OKAY.

24          THE COURT:  THAT WAS THEIR INTENT, WHETHER THEY --

25 THEIR AGREEMENT.  THEY CONSPIRED TO POSSESS WITH INTENT TO

1 DISTRIBUTE 500 GRAMS OR MORE OF A MIXTURE AND SUBSTANCE

2 CONTAINING A DETECTABLE AMOUNT OF METHAMPHETAMINE.

3          FOREPERSON M.G.:  IS EVERYBODY CLEAR?

4          JUROR:  IS EVERYBODY CLEAR?

5          JUROR:  YEAH.

6          JUROR:  UH-HUH.

7          THE COURT:  IF YOU HAVE FURTHER QUESTIONS ON MONDAY

8 MORNING -- YOU ALL GO AHEAD AND TAKE YOUR WEEKEND RECESS.

9      REMEMBER, OVER THE WEEKEND IT'S NOT UNUSUAL TO HAVE

10 ARTICLES APPEARING IN THE PAPER CONCERNING CASES AT TRIAL AND

11 I CAUTION YOU AGAIN NOT TO READ IT FOR THE REASONS OF WHICH

12 YOU'RE AWARE.  IF IT WERE YOUR CASE YOU'D WANT EVERYTHING TO

13 BE MADE FROM THAT WITNESS STAND THAT WAS GOING TO BE

14 CONSIDERED.

15          OKAY, HAVE A NICE WEEKEND.  WE'LL SEE YOU MONDAY

16 MORNING AT NINE O'CLOCK.  MONDAY, THE CLERK WILL COME IN AND

17 TAKE THE ROLL AND JUST TELL YOU TO BEGIN TO DELIBERATE.

18 SHE'LL COME INTO YOUR ROOM AND TAKE THE ROLL AND THEN SHE'LL

19 TELL YOU TO START -- TO BEGIN AND THEN SHE'LL COME BACK AND

20 REPORT THAT TO THE COURT REPORTER.

21          THANK YOU ALL VERY MUCH.  HAVE A NICE WEEKEND.

22          JUROR:  YOU TOO.

23          (OUT OF THE PRESENCE OF THE JURY.)

24          THE COURT:  ANYTHING FURTHER AT THIS TIME, MS.

25 WELLS?

November 18, 2011

1          MS. WELLS:  NOT AT THIS TIME.  I THINK THE COURT

2 INSTRUCTED THEM IF THAT WASN'T CLEAR THAT THEY COULD ASK

3 ADDITIONAL QUESTIONS ON MONDAY.

4          THE COURT:  SURE.

5          MS. WELLS:  SO, NOT AT THIS TIME.

6          THE COURT:  WELL, YOU TWO CAN TALK ABOUT IT AND SEE

7 IF YOU CAN COME UP WITH SOMETHING.  I'LL BE GLAD TO TAKE

8 YOUR --

9          MS. WELLS:  WELL, IT'S HARD WHEN THEY CHANGE

10 DIRECTIONS ON YOU MIDSTREAM SO TO SPEAK, BUT THANK YOU.

11          THE COURT:  WELL, WE'LL TAKE A RECESS UNTIL MONDAY

12 MORNING AT NINE O'CLOCK.  SUE, AT NINE O'CLOCK MONDAY YOU GO

13 IN AND CALL THE ROLL, IF THEY'RE ALL THERE TELL THEM TO START

14 THEIR DELIBERATIONS.  IS THAT AGREEABLE WITH COUNSEL?

15          MS. WELLS:  YES, SIR, YOUR HONOR.

16          MR. STEWART:  YES, SIR.

17          THE COURT:  OKAY.  THANK YOU VERY MUCH.  TAKE A

18 RECESS UNTIL 9:00 A.M. MONDAY MORNING.

19          (WHEREUPON, THESE PROCEEDINGS RECESSED AT 3:19 P.M.,

20 TO RECONVENE ON NOVEMBER 21, 2011, AT 9:00 A.M.)

          I CERTIFY THAT THE FOREGOING IS A TRUE AND ACCURATE
TRANSCRIPT OF SAID PROCEEDINGS.

/s/ STACY SCHWINN                                    9/24/12
STACY SCHWINN, CCR, CVR                              DATE




                                        November 18, 2011