IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:11-CR-00229-F-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| DAVID LEWIS, | ) | |
| Defendant. | ) | |

Before the court is Defendant's Motion for Transfer [DE-449]. Defendant asserts that when he was sentenced, the undersigned recommended that he be incarcerated at FCI-Butner because of his medical condition. Defendant further asserts that while he was waiting for placement in the Bureau of Prisons ("BOP"), he was picked up by the Florida Department of Corrections for a parole violation. Defendant requests that the undersigned issue an order which would allow him to begin his federal time. The Government has filed a Response [DE-451], arguing that Defendant is properly in the custody of the state of Florida and that there is no authority for this court to order a transfer. This matter is now ripe for disposition.

"While nothing prevents the sentencing judge from making recommendations to the BOP, the determination of the commencement date and the designation of the place at which the sentence is to be served remains with the BOP." *United States v. Hayes*, 535 F.3d 907, 910 (8th Cir. 2008). In addition, after a federal offender has been sentenced, the Attorney General, through the BOP, is responsible for administering the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992).

Defendant has not cited to any statute or caselaw which would allow the relief he is seeking. Moreover, as only the BOP has the authority to determine when a federal sentence

commences and where it is to be served, the court is not persuaded it has the authority to grant Defendant's motion. Accordingly, Defendant's Motion for Transfer [DE-449] is DENIED.

SO ORDERED.

This, the 11th day of June, 2013.

*James C. Fox*
JAMES C. FOX
Senior United States District Judge

2

Case 5:11-cr-00229-BO   Document 452   Filed 06/12/13   Page 3 of 4