IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cr-00229-BO-8

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID LEWIS | ) | |

On October 2, 2017, David Lewis ("Lewis"), a state inmate presently incarcerated at Santa Rosa Correctional Institution in Florida, filed pro se a motion seeking copies of "closing statements" from his federal criminal trial in this court to assist him in "getting this case back in court." See Mot. [D.E. 645]. The Government filed a response in opposition arguing that Lewis had not satisfied the requirements of 28 U.S.C. § 2250 that allow for court records to be provided at the government's expense [D.E. 654]. On February 15, 2018, as the instant motion was pending, the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") denied Lewis' motion under 28 U.S.C. § 2244 seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. See [D.E. 656, 660].

As a general matter, even where a habeas petitioner alleges indigence, he is not entitled to court documents at the government's expense "merely to comb the record in the hope of discovering some flaw." United States v. Gallo, 849 F.2d 607, 1988 WL 60934, at *1 (4th Cir. May 31, 1988) (per curiam table decision). Rather, the movant must demonstrate a particularized need for such documents. See Jones v. Superintendent, Virginia State Farm, 460 F.2d 150, 152 (4th Cir.), aff'd on reh'g, 465 F.2d 1091 (4th Cir. 1972), cert. denied, 410 U.S. 944 (1973); see also United States v. Bagguley, 887 F.2d 1081 (4th Cir. 1989) (denying a request where a movant "has not shown how

the requested transcript is relevant to the pending proceeding or may be relevant to a future proceeding, and has not demonstrated a particularized need for the transcript to assist him or the court in the resolution of a nonfrivolous issue.").

Here, because the Fourth Circuit denied Lewis' motion for authorization to file a second or successive section 2255 motion, and because Lewis fails to show a particularized need for the requested documents, the court will deny the instant motion for free copies. To the extent Lewis still seeks such court records, he instead may avail himself of the Public Access to Court Electronic Records (PACER) program (10 cents per page) or the record system request through the Clerk's Office (50 cents per page). See 28 U.S.C.A. § 1914, Judicial Conference Schedule of Fees, at ¶4; http://www.nced.uscourts.gov/pdfs/CopyRequestInstructions.pdf (last visited November 5, 2018).

For the reasons discussed above, the court DENIES the motion for documents [D.E. 645].

SO ORDERED. This 5 day of November 2018.

Terrence Boyle
TERRENCE W. BOYLE
Chief United States District Judge