IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:11-cr-00229-BO-8

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| DAVID LEWIS | ) | |

On January 7, 2019, David Lewis ("Lewis"), a Florida state inmate, filed pro se a "motion for inquiry" asking whether his federal sentence entered in this court is meant to run consecutive to, or concurrent with, his state sentence. See Mot. [D.E. 675]. On November 21, 2011, Lewis was found guilty of four drug-crime counts, following a jury trial in this court, and was sentenced within the advisory Guidelines range to concurrent prison terms of 327 months (Count One), 240 months (Count Two), and 120 months (Counts Three and Twelve). See J. [D.E. 400]. Lewis appealed [D.E. 396], and the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") affirmed the convictions and sentence [D.E. 439]. The court subsequently denied Lewis' motion to prevent his transfer to Florida to face state parole violation charges. See Order [D.E. 452].

The court construes Lewis' instant motion as one challenging the calculation of his sentence. The execution of one's sentence must be challenged under 28 U.S.C. § 2241. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004) (citation omitted); In re Vial, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997). However, federal jurisdiction over a petition for a writ of habeas corpus exists only for persons "in custody" at the time the petition is filed. See 28 U.S.C. § 2241(c); Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (finding a district court may not entertain a habeas action unless it has personal jurisdiction over the custodian of the prisoner). Because Lewis is in custody

pursuant to a Florida state court judgment, the federal court lacks jurisdiction over any § 2241 petition at this time. See In re Wright, 826 F.3d 774, 778–79 (4th Cir. 2016) (discussing the interplay between 28 U.S.C. §§ 2241 and 2254, and concluding that "federal habeas petitions of prisoners who are 'in custody pursuant to the judgment of a State court' should be treated as 'applications under section 2254'"). Accordingly, Lewis' instant motion [D.E. 675] is DENIED without prejudice to refiling as a § 2241 petition when he has entered federal custody and has exhausted his administrative remedies with the Federal Bureau of Prisons. See McClung v. Shearin, 90 F. App'x 444, 445 (4th Cir. 2004) (per curiam) ("Federal prisoners must exhaust their administrative remedies prior to filing § 2241 petitions." (citation omitted)).

Lewis also requests a copy of his pre-sentence report and his sentencing hearing transcript as documentation of the "status of his federal sentence," and he generally seeks "any sentencing papers/documents this court may send." See Mot. [D.E. 675]. Although Lewis seeks copies of court documents at the Government's expense, the court already denied a similar request on November 14, 2018. See Order [D.E. 665]. The court DENIES Lewis' instant request for the reasons stated in its November 14, 2018, order.

SO ORDERED. This __3__ day of February 2019.

TERRENCE W. BOYLE
Chief United States District Judge

2